May Term, 1844.

Cox
v.
Hodge.

---

Cox and Others *v.* Hodge.

If two persons make a promissory note, and one of them afterwards obtain possession of the note as his own property from the payee, the note is dis-charged.

*Wednesday,*
*June 5.*

APPEAL from the *Hendricks* Circuit Court.

Sullivan, J.—Assumpsit by *Hodge*, for the use of *Shannon*, against *Cox*, *Atkins*, *Merritt*, and *Nichols* on a promissory note. The *capias* was returned "not found" as to *Atkins*; *Cox*, *Merritt*, and *Nichols*, appeared and pleaded, 1. Non assumpsit; 2. That the note sued on was given by defend-ants with said *Atkins*, as part consideration of a certain tract of land purchased by *Atkins* from *Hodge*, and that after-wards, &c., *Hodge* and *Atkins*, by an agreement made be-tween them, cancelled and rescinded the contract for the sale of said land, and *Hodge* received said tract of land so sold as aforesaid from *Atkins* freed and released from said contract; and did then and there deliver up to *Atkins* the promissory note on which this suit is founded fully discharg-ed and satisfied, &c.; 3. That on, &c., the said promissory

note was " delivered to *Atkins* by *Hodge* fully paid and satis-
fied," &c.; 4. Payment by *Atkins.* The plaintiff replied to
the second plea, substantially, that the note was given in
consideration of a tract of land sold by *Atkins* to *Cox;* that
it was made payable to *Hodge* for the accommodation of
*Atkins* and at his request, as part payment by *Atkins* to
*Hodge* of the land purchased by the former from the latter
as mentioned in said plea, and that *Atkins* signed the note as
surety for *Cox,* &c.; and that when the contract between
*Atkins* and *Hodge* was rescinded, as in said plea mentioned,
the note was delivered to *Atkins* by *Hodge* as his own pro-
perty, who afterwards for value received sold it to *Shannon,*
for whose use this suit was brought, &c. The replication to
the third plea denied that the note was delivered up satisfied
and cancelled as alleged ; and the replication to the fourth
plea denied the payment by *Atkins.* The defendants demur-
red to the replication to the second plea, but the Court over-
ruled the demurrer. Issues were formed on the remaining
pleas, and the cause was submitted to the Court for trial.
Judgment for the plaintiff.

We are of opinion that the demurrer to the replication to
the second plea should have been sustained. The replication
is defective, because it shows that the note was discharged.
*Hodge,* the payee, having received from one of the makers of
the note an equivalent for it, surrendered it to him *as his own
property,* which operated as an extinguishment of the debt.
If *Atkins* was really the surety of *Cox,* and has paid the debt
of his principal, the law affords him a remedy. It is not by
suing on a note that has been discharged.

*Per Curiam.* — The judgment is reversed with costs.
Cause remanded, &c.

*C. C. Nave,* for the appellants.

*J. Morrison,* for the appellee.