Nov. Term,
1852.

Owensby
v.
Platt.

---

## Owensby *v.* Platt.

The purchase by a firm of a judgment against one of its members and other persons, the assignment being taken in the name of a member who was not a party to the judgment, is not a satisfaction of the judgment.

ERROR to the *Dearborn* Circuit Court.

SMITH, J.—This was a motion to have an entry of satisfaction made upon a judgment, which was overruled in the Circuit Court. The facts are substantially these:

A judgment had been rendered in favor of *The State Bank* against *William V. Cheek, John F. Cheek, Jabez L. Owensby, Simeon Vinson,* and *James P. Milliken.* The last-named judgment-defendant, *Milliken,* was a member of a firm composed of himself, *Platt,* and one *Eldridge.* This firm desired to have a bill discounted by the *Lawrence-burgh* branch of the state bank, and upon making application for that purpose they were informed that as *Milliken,* one of the partners, was under protest, they could obtain no further accommodation unless the judgment in favor of the bank should be paid. Thereupon, and to remove this difficulty, it was agreed by the parties that enough of the proceeds of the bill proposed to be discounted should be applied to the purchase of the judgment, and that it should be assigned to *Platt* by the bank. The bill was then discounted and the assignment made accordingly.

*Owensby* now moved for an entry of satisfaction upon the judgment, upon the ground that it had been paid by one of his co-defendants, and the debt thereby extinguished. This would, no doubt, have been the case, at law, if the assignment had been made to *Milliken,* or, perhaps, even to the firm. See *Cox* v. *Hodge,* 7 Blackf. 146. The reason would be, that one person cannot be at the same time both plaintiff and defendant, and, therefore, *Milliken,* as the assignee of a judgment in which he was a defendant, could not have sued out execution against himself. But even in that case he would have been entitled to relief in equity, if he was only a surety of the debt upon which the judgment was rendered, or was entitled to contribution from his co-defendants.

In the present case, by the assignment, the legal title to the judgment is in *Platt,* not in one of the judgment-defendants, and the technical difficulty in the way of an

Nov. Term,
1852.

OWENSBY
v.
PLATT.

*Tuesday,
November* 23.

enforcement, above alluded to, does not exist. There was evidently no intention to extinguish the judgment when the assignment was procured, and we think the decision of the Court below should be sustained.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Ryman*, for the plaintiff.

*E. Dumont*, for the defendant.