## SUPREME COURT.

FRANK A. MORLEY agt. CHARLES H. STEVENS and WILSON GARRISON.

*Joint judgment debtors — liability.*

Where a joint judgment against two defendants is assigned to a copartnership firm, of which one of the members is one of the judgment debtors, it satisfies the judgment as against the other judgment debtor.

*Onondaga Special Term, March* 31, 1874.

MOTION by the defendant, Wilson Garrison, for a perpetual stay of proceedings supplementary to execution on the judgment in this action, and for a perpetual stay of all proceedings against said Garrison, to collect said judgment and for an order declaring the judgment satisfied.

The facts are sufficiently stated in the opinion.

*Irving G. Vann,* for defendant Garrison.

*Andrew H. Green,* for assignee Beard.

MORGAN, *J.*—The affidavits show that the defendants, Stevens & Garrison, were partners, and as such contracted the debt on which this judgment was obtained; that prior to the judgment they dissolved partnership, and under the articles of dissolution the defendant, Stevens, assumed the payment of this debt. Afterwards, Stevens formed a new copartnership with Huntington, Beard and Charles S. Hickson; that Beard purchased the judgment for fifty cents on a dollar and took an assignment to the firm of which Stevens

was a member, and at the same time procured a satisfaction-piece from the plaintiff, with a view, as he testifies, of setting off the judgment against the claim of the defendant, Garrison, against his firm, and actually tendered the satisfaction-piece to Garrison as a set-off against the claims of Garrison, which Garrison refused to accept as such set-off; that thereupon the firm of which Stevens was a member assigned the judgment to Beard, one of the members. An execution having been previously returned *nulla bona*, Mr. Beard obtained an order for the examination of Garrison, which was still pending when this motion was made.

In my opinion, the assignment of the judgment to the firm of which Stevens was a member operated at law as a satisfaction of the judgment. He was the one whose duty it was to pay the judgment, and when he became the purchaser the judgment was satisfied, both at law and in equity. If two persons make a note and one of them afterwards becomes possessed of it as his own property, the note is discharged (*Cox* agt. *Hodge*, 7 *Blackf.*, 146). So marriage of one of the obligors with one of the obligees, extinguishes the debt (4 *Mon.* [*Ky. court of appeals*], 452; *Suttle* agt. *Whitlock*).

This is doubtless the rule at law; yet, when justice requires it, the debt will be kept alive in equity for the benefit of a surety who has paid the demand (*Cottrell's Appeal*, 23 *Penn.*, 294).

When separate judgments are recovered against maker and indorser, the latter may pay the judgment against himself and take an assignment of that against the maker, and enforce it by execution or otherwise (*Clayon* agt. *Morris*, 10 *John. R.*, 525). But in case of a joint judgment against two, though one is surety for the other, payment by one will discharge the judgment as against both (*Ontario Bank* agt. *Meker*, 1 *Hill*, 652; *Bank of Salina* agt. *Abbott and others*, 3 *Denio*, 181).

These cases have been criticised but are not overthrown,

so far as they decide that one of the joint debtors in a judgment cannot pay the judgment and take an assignment to himself, even of a surety. The cases are considered overruled so far as they apply the rule to the indorsers of a negotiable promissory note who are sued with the maker and a joint judgment obtained against both. It is held that the statute, allowing them to be sued in one action, saved the rights of the indorsers; and, as to the rule in question, the judgment is to be regarded as a several judgment against each (*Corry* agt. *White*, 3 *Barb.*, 12). Doubtless if the assignment had been taken to Beard he could have enforced the judgment, but when he purchased on behalf of his firm and took an assignment to the firm of which Stevens was a member, whose debt then it was to pay, there are no grounds upon which the judgment can be kept alive as against the defendant, Garrison. A right once suspended cannot be renewed by an assignment from the party owing the debt to a third person. The subsequent assignment to Beard did not create any new rights as against the defendant, Garrison.

In my opinion the defendant, Garrison, is entitled to a perpetual stay of all proceedings on the judgment as against him, on the ground that the judgment as to him is to be regarded as satisfied by the purchase of it by his co-defendant, who was the principal debtor. No case can be found that relieves the purchaser from the operation of the rule, because the debtor is a member of a firm and the purchase is made in the name of the firm. It is enough that the debtor justly owing the debt is one of the purchasers. The firm may charge him with the payment of the purchase price, but can have no remedy at law as against another defendant in the same judgment.

Motion granted to stay all further proceedings on the judgment, on the ground that the judgment is satisfied as to the defendant, Garrison, with ten dollars costs of motion, to be paid by the assignee, Beard.