In the Matter of CLEVELAND M. HARVEY, as Assignee of the FARMERS NATIONAL BANK OF HUDSON, N. Y., Judgment Creditor, against LAURA HARVEY, Judgment Debtor.

County Court, Columbia County, May 18, 1944.

*Theodore H. Kline* for judgment debtor.

*Albert A. Rapport* for judgment creditor.

CONNOR, J. In 1935 The Farmers National Bank of Hudson, New York, obtained a judgment in the sum of $349.04 against Cleveland M. Harvey and Laura Harvey. The judgment was based upon a complaint which alleged that in April of 1934 Cleveland Harvey made a note payable to Laura Harvey; that Laura Harvey before the note became due, indorsed the said note to the Farmers National Bank of Hudson for a valuable consideration, said bank becoming holder; that said note was presented for payment and payment refused. Under such circumstances, if true, there can be no doubt that Cleveland Harvey was the maker and Laura Harvey was the indorser, and it therefore necessarily follows that Cleveland Harvey was " primarily " liable, and Laura Harvey " secondarily " liable, for section 3 of the Negotiable Instruments Law provides: " The person ' primarily ' liable on an instrument is the person *who by the terms of the instrument* is absolutely required to pay the same. All other parties are ' secondarily ' liable."

After the judgment was obtained, and in 1942, the bank assigned said judgment to Cleveland M. Harvey and in this proceeding Cleveland M. Harvey seeks to examine Laura Harvey as his judgment debtor in supplementary proceedings, stating that the judgment remains unpaid and unsatisfied to the extent of $200. This proceeding is upon an order to show cause seeking to vacate the supplementary proceedings and for judgment declaring the judgment satisfied.

The judgment is a Supreme Court judgment, and the County Court being a lower court than the Supreme Court cannot vacate a judgment of the Supreme Court. The County Court, however, can refuse to entertain a proceeding in its own court if under the law upon the face of the records the judgment has been paid. This therefore is the troublesome question presented

to the court. There seems to be no doubt that the assignment of a claim or a judgment to the principal judgment debtor satisfies the claim or judgment. (*Morely agt. Stevens,* 47 How. Prac. 228; *Corey* v. *White,* 3 Barb. 12; *Spies* v. *National City Bank,* 174 N. Y. 222.)

The question presented here, however, is which of these two parties is in fact the principal judgment debtor. The affidavit of Laura Harvey would indicate that she was merely an accommodation indorser and therefore " secondarily " liable. The affidavit of Cleveland M. Harvey would indicate that Laura Harvey was, under the facts, the principal judgment debtor for the unpaid portion of the judgment and that as to this unpaid portion Laura Harvey was in fact the person " primarily " liable on the note and Cleveland M. Harvey only " secondarily " liable. Either of these facts may be true. But the record before the court indicates that the note upon which the judgment was obtained was a note of Cleveland M. Harvey indorsed by Laura Harvey and in a supplementary proceeding the County Court is, I think, not at liberty to inquire into the facts, other than such facts as appear affirmatively on the records. It is true that the payment of a debt by one party does not necessarily extinguish the right of the party so paying to be reimbursed by the party who is primarily liable (*Bostwick* v. *Scott,* 40 Hun 212), and that the right to indemnities stands upon the principle that everyone is responsible for the consequences of his own acts and that if another person has been compelled by the judgment of the court having jurisdiction to pay the damage which ought to have been paid by the wrongdoer, it may be recovered by him. (*O. S. N. Co.* v. *Co. T. E.,* 134 N. Y. 461.) But such recovery by the person having paid cannot be obtained by a short cut of an assignment of the judgment when the law provides that the assignment satisfies the judgment. To do so would foreclose in this case Laura Harvey from establishing the fact that she was in effect only secondarily liable, just as the record shows. This decision does not foreclose Cleveland M. Harvey from any action which he may have against Laura Harvey. It merely forecloses him from collecting a judgment before he has proven in court the facts necessary to recover.

The supplementary proceedings are therefore vacated, with ten dollars costs.

Submit order.