The Bank of Salina v. Abbot.

<hr>

THE BANK OF SALINA *vs.* ABBOT and others.

Payment of a judgment by one of several defendants extinguishes it, though the party paying take an assignment of it to himself.

And the judgment is extinguished though it was against the maker and several endorsers of a promissory note, and the payment was made by the last endorser, who endorsed the note for the accommodation of the maker.

A court of law is not competent, in such a case, to substitute the party making the payment for the plaintiff.

*I. Harris*, on behalf of Joel Rathbone, moved for a perpetual stay of execution in this cause, in the hands of the sheriff of Erie county, and that the judgment be cancelled of record. The judgment was rendered September 3d, 1842, on a note made by

Abbot to the order of W. Hodge, and endorsed by him and W. Hodge, Jr. for the accommodation of the maker. P. Hodge pur· chased the judgment of the plaintiffs, and took an assignment of it, and afterwards, W. Hodge, Jr. one of the defendants and the last endorser on the note, purchased and took an assignment of the judgment from P. Hodge. Rathbone obtained a decree against W. Hodge, the elder, on the 6th day of October, 1842. The judgment and decree were both docketed with the clerk of Erie county, in the same order in which they were entered. W. Hodge, senior, has real estate in Erie county, which the sheriff has advertised for sale on the execution. The counsel of Rathbone maintained that the judgment was extinguished by the assignment thereof to one of the defendants.

*M. T. Reynolds,* for W. Hodge, Jr.

*By the Court,* JEWETT, J. At law it is well settled, that payment of a judgment to the plaintiff or the owner, by the defendant, or by one of several defendants, extinguishes it, although such payment be made by a defendant who is a mere surety. A court of law cannot substitute such surety in the place of the plaintiff, and allow him to take execution upon such judgment. The judgment is regarded as extinguished against all. (*Ontario Bank* v. *Walker,* 1 *Hill,* 652.) An assignment by the plaintiff or owner of a judgment to one of several defendants in the judgment, works the same consequence.

Motion granted.(*a*)

(*a*) Where judgment has been obtained against a party to a bill or note, a subsequent party does not, by paying the amount and taking an assignment of the judgment, extinguish it. (*Harger* v. *McCullough,* 2 *Denio,* 119, 122.) So, it is presumed if separate judgments were recovered by the holder against maker and endorser, the latter might pay the judgment against himself and take an assignment of that against the maker and enforce it by execution or otherwise. The principal case must therefore depend upon the effect of the joint judgment, which ordinarily extinguishes the precedent liabilities upon which it was recovered; and the provision in the act authorizing suits against different parties to a bill or note, which looked to preserving the rights of such parties as between each other, it seems, is not broad enough to meet the case. (*See Stat.* 1832, *p.* 490, § 7.)

# CASES

### ARGUED AND DETERMINED

#### IN THE

# SUPREME COURT

#### OF THE

## STATE OF NEW-YORK,