## SEARS v. LAFORCE *et al.*

1. **Surety:** SUBROGATION. When a debt is paid by a surety, a court of equity will subrogate him to all the rights and interests of the creditor in collateral securities belonging to the debtor.

*Appeal from Jefferson District Court.*

THURSDAY, DECEMBER 8.

CHANCERY PROCEEDINGS, in which the plaintiff makes the following case: That in March, 1859, he obtained a judgment in Wapello county against Laforce and Newell for $433.13; that the same is unpaid, the defendants being insolvent; that subsequently, in December, 1861, Laforce, for the use of Reed, Shields & Co., obtained a judgment against him in Jefferson county for the sum of $237.82; that Reed, Shields & Co. are only nominal parties to this judgment, and have no interest therein, but that the same is for the use and benefit of Laforce; that since its rendi-

tion, an execution was issued upon the plaintiff's judgment in Wapello county, and he, the plaintiff, has been garnisheed, and he notifies himself not to pay the Laforce judgment. In consideration of this condition of things, he prays the court to enjoin the collection of the Laforce judgment by execution, and that said judgment may be declared satisfied and paid off by applying the same as a credit on the plaintiff's judgment against the said Laforce and Newell.

The answer of Laforce to the above complaint admits the rendition of the two judgments as described, but denies very pointedly that Reed, Shields & Co. were mere nominal parties in the latter judgment, or that they had no interest therein, or that said judgment belonged to him, the said Laforce, and was to be applied to his use and benefit. The case was tried upon the bill, answer and deposition of Laforce, who was the only witness that testified in the case. Judgment for defendants, and plaintiff appeals.

*Negus* for the appellant.

*Slagle & Achison* for the appellees.

LOWE, J.—There is no possible ground upon which to grant the relief asked by plaintiff, except upon the truth

1. SURETY; subrogation.

of the allegation that Laforce is the real plaintiff and party in interest of the judgment of himself for the use of Reed, Shields & Co., against Sears, for the sum of $237.82. This fact constitutes the very gist of the plaintiff's case. In support of it he offers no evidence whatever. On the other hand, the defendant not only denies the fact in his answer, but confirms the truth of that denial in his testimony as a witness. In testifying, he says he was largely indebted to the firms of Reed, Shields & Co., and Burns & Rentgen, of Keokuk; that the debt of the former firm was $2,000, more or less, that of the latter four or five hundred; that the account on which this judgment for the

use of Reed, Shields & Co. was rendered, together with many others, had been assigned as collateral security for these debts and to protect the witness' indorser, Henry Gregg, who was security for the Reed, Shields & Co. debt; that said judgment belonged to them, and not to the witness. In addition to this, the witness stated that the claim of Reed, Shields & Co. had been sued, turned into a judgment, and that his surety, Henry Gregg, had paid the same off.

The plaintiff insists that inasmuch as the Reed, Shields & Co. debt is paid, the judgment aforesaid, rendered for their use, as security for their claim, should, and does now, revert to Laforce. The difficulty in the way of this position is, that the debt was paid by Laforce's surety, Gregg; that the assignment of the account on which the said judgment was rendered was for the protection of said surety as well as security for the debt; that, in the payment of the debt by the surety, under such circumstances, the law will subrogate him to all the rights and interest which Reed, Shields & Co. had in the collaterals referred to. We, therefore, see no reason to change the judgment below, and the same is                                    Affirmed.