BONES v. AIKEN and POWELL, sheriff.

Extinguishment: OF JUDGMENT: SURETY. At law the payment of a judgment by one of several defendants therein works an extinguishment thereof, though such payment be made by one who is in fact but a mere-surety.

*Appeal from Winneshiek District Court.*

MONDAY, DECEMBER 18.

THE plaintiff filed his petition and applied for an injunction to restrain the enforcement of certain judgments against himself and the defendant Aiken. A preliminary injunction was issued, and upon a hearing the same was

dissolved as to one of the judgments. Plaintiffs appeal. The further facts are stated in the opinion.

*G. R. Willet* and *G. W. Patterson* for the appellant.

*J. T. Clark* and *Noble, Hatch & Frese* for the appellees.

MILLER, J.— Prior to the 6th day of February, 1871, plaintiff and defendant Aiken had been partners in business in Decorah, Iowa. On that day the partnership was dissolved by mutual consent. Besides other debts the firm was indebted to G. F. Francis & Co. in the sum of $20.80, to John Stead in the sum of $29, and to Wellington Bros. & Co. in the sum of $234. After the dissolution judgments were obtained on these claims against the partners in their individual names. The defendant Aiken purchased these several judgments and had them assigned to him on the records, and had executions issued thereon and delivered to the sheriff, who being about to levy the same on the individual property of the plaintiff, this action was brought to enjoin proceedings under the executions. As ground for dissolving the injunction issued the defendant Aiken showed that in the articles of dissolution of the partnership the plaintiff had agreed to pay the claim of Wellington Bros. & Co. and to release Aiken from his liability thereon, and that plaintiff failed to pay the claim ; and under and by virtue of such agreement Aiken claimed that he was but a surety, and as such purchased the judgment and took an assignment thereof. It is urged in argument that as between the plaintiff and Aiken the latter was not liable on the judgment, and could therefore purchase the same as any other person and enforce it against the plaintiff. Appellees' counsel cite no authority in support of this proposition.

On the other hand, it is well settled that at law the payment of a judgment to the plaintiff or owner by one

of several defendant extinguishes it, even though such payment be made by a defendant who is a mere surety. So also an assignment by the plaintiff or owner of the judgment to one of several defendants in the judgment works the same consequence. *The Bank of Salina* v. *Abbott*, 3 Denio, 181; *Ontario Bank* v. *Walker*, 1 Hill, 652.

If Aiken be but surety he may, perhaps, on making a proper case, be entitled in equity to be subrogated to the rights of the judgment plaintiffs. But in law the judgment is extinguished, and no execution can issue thereon as such, though Aiken might have an action at law to recover the money paid, based on the plaintiff's agreement.

The judgment being satisfied, the execution was void and conferred no power on the sheriff to levy on plaintiff's property. The judgment, therefore, must be

Reversed.

COLE, J., dissenting.— It is apparent from the whole case, and, indeed, it is not controverted, that as between the plaintiff and the defendant Aiken, the plaintiff ought to pay the judgments; that by the terms of their dissolution the plaintiff had agreed to pay the debts for which they were rendered. In equity, then, plaintiff is bound to pay them, and a court of equity would compel him so to do. Now, while in a court of law, the defendant may not have the right to enforce payment by execution (and that is the precise point ruled in the cases cited in the foregoing opinion), yet the plaintiff has brought this action in a court of equity, and asks that court to enjoin the defendant from compelling him to pay a debt, which in equity he ought to pay. In such case the elemental rule is that he who asks equity must himself first do equity. The plaintiff must pay the debt which, in equity, he owes, before he can properly ask a court of equity to interfere. A court of equity will not enjoin legal process, which can

effectuate no injustice. To first enjoin the legal process, and then grant the same relief in equity is a work of supererogation. For this reason I think the judgment should be

Affirmed.