## DREFAHL v. TUTTLE.

1. **Judgment**: PAYMENT OF: SEVERAL DEFENDANTS. The payment of a judgment by one of several defendants operates as an extinguishment and satisfaction thereof, although the payment be made by one who is in fact a surety.

2. ———: ———: EXECUTION. An execution cannot be issued upon a judgment thus extinguished, and a sale of property under such execution will not pass the property.

3. ———: ———: ESTOPPEL. That the judgment defendant made no objection to the levy and sale, but asked a postponement in the hope of paying the judgment, will not estop him to deny the validity of the execution and sale.

4. **Practice in the Supreme Court**: NEW TRIAL: FINDING OF FACT. The Supreme Court may review a judgment of the court below although no motion for new trial was made and overruled, and, in case of a trial to the court without a jury, it is not necessary that there should be a finding of fact or conclusion of law upon the record.

*Appeal from Linn District Court.*

THURSDAY, DECEMBER 16.

ACTION of replevin. Trial by the court. Judgment for defendant. Plaintiff appeals. The facts of the case appear in the opinion.

*Thompson & Davis*, for appellant.

An appeal to the Supreme Court brings up for review the intermediate rulings of the court below which have been duly excepted to and not otherwise waived. (*Jones v. C. & N. W. R. Co.*, 36 Iowa, 68.) Each joint judgment debtor is liable for the whole judgment. (*Starry v. Johnson*, 32 Ind., 438.) A release or relinquishment of indebtedness as to one of several joint debtors is in legal operation a discharge of the whole debt, and when it is once discharged or satisfied it cannot be enforced against any party to it. (*Taylor v. Galland*, 3 G. Greene, 29; *Rawley v. Stoddard*, 7 Johns., 207; *Goodman v. Smith*, 18 Pick., 415; *Tuckerman v. Newhall*, 17 Mass., 584;

VOL. XLII.—12

*Harlan v. Berry*, 4 G. Greene, 212.) A judgment is an entirety and the rights of all parties are affected if a change is made either against or in favor of all. (*Cavender v. Smith*, 5 Iowa, 195.) A payment of a judgment extinguishes it even though the payment be made by a mere surety. (*Boner v. Aiken*, 35 Iowa, 535.) Actual seizure and handling of the goods is not necessary to constitute a valid attachment. (Drake on Attachment, 2 ed., §§ 256–8.) A purchaser at judicial sale takes only the interest and title of the vendor and holds the property as his vendor held it. (*Jones v. Str. Commerce*, 14 Ohio, 413.) The maxim *caveat emptor* applies to judicial sales. (*Dean v. Morris*, 4 G. Greene, 313; *Gower v. Doheney*, 33 Iowa, 38; *Hamsmith v. Espy*, 19 Id., 444; *Cameron v. Logan*, 8 Id., 434.) To constitute an estoppel *in pais* an innocent party must have been induced by the conduct of another to do something to his injury which, but for such conduct, he would not have done. (Bigelow on Estoppel, p. 507.) Before a party can be estopped by his silence it must appear that his silence misled the party complaining. (Bigelow on Estoppel, p. 511.)

*I. M. Preston & Son*, for appellee.

Where one stands by and permits another to purchase property without ascertaining his title or claim, he is estopped from controverting the same. (*Deford v. Mercer*, 24 Iowa, 118; *Lucas v. Hart*, 5 Id., 415; *Foster v. Bigelow*, 24 Id., 379; *Davidson v. Follett*, 27 Id., 415; 1 Story's Eq. Jur., § 387; *Vilas v. Mason*, 25 Wis., 318; *Wendell v. Van Rensselear*, 1 Johns. Ch., 344.) The findings of the court have the effect of a special verdict of a jury. (Code, § 2743.)

MILLER, CH. J.—The District Court made a finding of facts as follows:

1. On the 18th day of December, 1869, William Drefahl, plaintiff, Robert Tuttle, the defendant, and M. Springer executed a promissory note for $580, payable to the order of Samuel Reede, due in 10 months, with interest at 10 per cent.

2. The note above referred to was for borrowed money, of which Drefahl received $100.00, Tuttle $100.00 and Springer $380.00. The testimony establishes that as between the parties Tuttle was only a principal maker as to the $100.00 he received, and that as to Springer and Drefahl, he was their surety for the balance, to-wit, $480.

3. On the 28th day of March, 1861, Jacob W. Mentzer, the holder of said note, recovered judgment thereon against all the makers for $654.10 debt, and $6.10 costs.

4. A stay of execution was put in by the defendant, Tuttle, and at the expiration of the stay he paid Mentzer and took an assignment of the judgment, and had an execution issued and levied on the property of Drefahl, Springer being insolvent and having no property wherewith to pay.

5. At the time of the levy and until after the sale of the property by the sheriff the plaintiff made no objection thereto, but at his instance the sale was postponed one week in order to enable him to settle the judgment.

6. After the sale he brought this suit and replevined the property in the petition described, on the ground that the judgment was fully paid before the sale.

7. The state of the matter at the time of the sale should be as follows: The $100 received by Tuttle should be deducted as of the date of the note, leaving the balance for which Tuttle was liable, $480, which, with interest to the date of the judgment, would be $541. Add interest up to the time of sheriff's sale in October, 1872, and the amount without costs on the day of sale was $622. The amount realized by the sheriff's sale, including cash payment of $55 and threshing account of $29.30, was $630.07, and, the costs being deducted, leaves the net amount collected on the judgment $593.97.

8. Since the sale one Fred. Kollenkark replevined from the defendant certain of the property sold at the sheriff's sale, and at the last term of this court his right thereto was established by the judgment of the court. This property sold at the sale for $235. This sum should be deducted from the amount realized by the sheriff's sale.

9. On the 21st day of August, 1872, about the time a levy was made on the plaintiff's property, the defendant caused a garnishee notice to be served on H. E. Tuttle, who was then indebted to Drefahl in the sum of $318 or thereabouts. There is a conflict in the testimony as to whether said H. E. Tuttle was in a condition to pay said claim at that time, but the evidence establishes clearly that he failed within a day or two thereafter and ever since has been bankrupt. He did not appear at the next term and answer as garnishee and no action was had against him for failure to appear.

10. The plaintiff in his petition in this case values the property replevined at $540, and although the answer contains a general denial, on the trial the defendant conceded that the correct value was stated in the petition, and the property is therefore found to be of the value of $540.

Upon these facts the District Court found that the plaintiff was estopped from questioning the legality of the sheriff's sale, and rendered judgment for the defendant for a return of the property, valued at $540.00, for which amount defendant might elect to take a money judgment.

I. The first question presented for determination is as to the validity of the execution and the sheriff's sale of the property in controversy. This question is settled in *Bones v. Aiken et al.*, 35 Iowa, 534, where it is held that the payment of a judgment by one of several defendants therein operates as an extinguishment and satisfaction thereof, and that this is so although such payment be made by one who is in fact but a mere surety. That case is stronger than the one before us. There the plaintiff, who was one of the judgment debtors, had agreed with his co-debtor to pay off the judgments and release him therefrom. Here there was no such agreement, and the defendant herein was in fact a principal as to a portion of the judgment. The doctrine, however, is well settled that the payment of the judgment by one of several defendants works an extinguishment thereof, and no valid execution can be issued or sale had thereon.

1. JUDGMENT: payment of: several defendants.

The judgment being extinguished, the execution issued thereon was void, and conferred upon the officer no power or authority to levy upon or sell the property.

*2. ——: ——: execution.*

II.  The next question is whether the plaintiff is estopped from insisting upon the invalidity of the execution and sale. We think he is not.  He did not actively or passively induce the defendant to rely upon any *fact.* The defendant knew all the facts himself; he had issued execution and had the property levied on.  The plaintiff did not object, and procured a postponement with a view of paying off the judgment, but the defendant was in no manner misled or deceived.  He was not induced to act by anything plaintiff did.  Indeed it is very clear that the defendant's conduct was in no manner influenced by plaintiff.  There is, therefore, no ground upon which to base an estoppel of the plaintiff.  If defendant was misled as to anything, it was as to the legal effect of taking an assignment of the judgment to himself; but with this plaintiff had nothing to do.  The plaintiff has not accepted and held any of the benefits of the sale, nor has defendant been in any manner prejudiced by the conduct of the plaintiff.  The doctrine of estoppel has no application to the case.  See *Lucas v. Hart*, 5 Iowa, 415, and cases cited; *Newman v. Samuels*, 17 Id., 528; *Case v. Albee*, 28 Id., 277; *Southard v. Perry & Townsend*, 21 Id., 488; Bigelow on Estoppel, 501, 507, 511, 520, 539; 3 Hill., 221; 6 Id., 536; 30 N. Y., 541; 8 Wend., 484.

*3. ——: ——: estoppel.*

III.  Appellee's counsel urge that appellant has no standing in this court, for the reason that he made no motion for a new trial in the court below.  By section 3169 of the Code, the Supreme Court may review and reverse on appeal any judgment or order of the court below, although no motion for a new trial has been made in such court.  And by section 3170, when a cause is tried by the court without a jury, it is not necessary, in order to secure a review of the case in the Supreme Court, that there should have been any finding of facts or conclusions

*4. PRACTICE in the Supreme Court: new trial: finding of fact.*

of law stated on the record. See *Presnall v. Herbert*, 34 Iowa, 539; *Coffin v. City of Davenport*, 26 Id., 515.

In this case the court made a finding of facts and stated his conclusions of law thereon. These are part of the record, and upon these the error of the court is made to appear. From the facts found, the court should have rendered judgment for the plaintiff instead of for the defendant. The judgment must, therefore, be reversed, and the cause remanded with directions to the District Court to render judgment for plaintiff, or, if he so elect, such judgment may be rendered in this court.

REVERSED.