## JOHNSTON v. BELDEN.

1. **Statute of Limitations**: SUBROGATION: SURETY. The lien of a judgment is regarded in equity as surviving for the security of the surety who has paid it, but before he can be subrogated to the rights of the judgment creditor he must maintain an action to enforce his lien, and such an action is barred in five years from the date of payment.

*Appeal from Tama Circuit Court.*

WEDNESDAY, OCTOBER 23.

THE plaintiff as surety, and the defendant as principal, executed a promissory note to one Hillman, which note was afterward put into judgment against both plaintiff and defendant. Afterward one Wesley Johnston, at plaintiff's request and acting for him, paid Hillman with the plaintiff's money the full amount of the judgment, and took an assignment of the judgment to himself in trust for the plaintiff, and afterward, at plaintiff's request, assigned it to one Yeiser, who assigned it to plaintiff, neither Wesley Johnston nor Yeiser at any time having any beneficial interest in it.

The plaintiff claims that he is entitled to be subrogated to all the rights of the judgment creditor, and brings this action to enforce the judgment lien.

The payment to the judgment creditor having been made more than five years prior to the commencement of the action,

as shown by the petition, the defendant demurred to it on the ground that it appeared upon the face of it that the action was barred by the statute of limitations. The court sustained the demurrer, and rendered judgment for the defendant. The plaintiff appeals.

*Ebersole & Willett*, for appellant.

*Stivers' & Leland*, for appellee.

ADAMS, J.—It is not claimed by the plaintiff that he became the owner of the judgment in such sense as a person not

1. STATUTE of limitations: subrogation: surety.

judgment defendant would have become the owner if he had purchased it and taken an assignment. Had the plaintiff become such owner he could have caused an execution to issue at once, and would have had no occasion to invoke the aid of a court of equity. The plaintiff, however, deemed it necessary to obtain a decree, and in this he was right. *Bones v. Aiken*, 35 Iowa, 534. The theory is that the judgment, when paid by one of the judgment defendants, although a surety, is considered as discharged. The claim of the person paying, if a surety, arises upon an implied promise on the part of the principal to indemnify him. *Lamb v. Withrow*, 31 Iowa, 164; 1 Leading Cases in Equity, 151 (note).

While, however, the judgment is considered as discharged in such sense that no action at law can be brought upon it, yet the lien of the judgment will in equity be regarded as surviving for the security of the surety who has paid it. *Braught v. Griffith*, 16 Iowa, 26; *Watts v. Kinney*, 3 Leigh., 272. When, therefore, the plaintiff paid the judgment he could have gone into equity and availed himself of its lien. The court would have given him a decree for the amount shown to have been paid, with six per cent interest from the time of payment, and declared the same a lien from the date of the judgment, or allowed the judgment to be enforced to the amount of the decree. He can have the benefit of the lien now, provided he is in a condition to obtain a decree for

the amount paid. But the plaintiff shows that whatever he paid was paid more than five years prior to the commencement of the action. As his claim rests upon a promise implied by law it must be regarded as barred in five years.

The plaintiff contends that, having taken an assignment of the judgment and set out the same in his petition, his action may be regarded as brought upon the judgment. But this cannot be maintained consistently with the authorities above cited. If, as was held in *Bones v. Aiken*, an action is necessary even where an assignment is taken, it is because the amount due the surety is simply the amount paid, and is to be proved by evidence extrinsic to the judgment. The action, then, cannot be regarded as brought upon the judgment. Nor is the case different because that judgment was first assigned to Wesley Johnston, and by him to Yeiser. They did not purchase it. But if they had it would have been discharged upon payment by the plaintiff, except so far as he might be entitled in equity, by subrogation, to a lien for the amount paid.

We think that the demurrer was properly sustained.

AFFIRMED.