HOLLINGSWORTH v. PEARSON.

1. **Pleading:** JUDGMENT: SUBROGATION. The allegations of the pleadings considered, and held to entitle the plaintiff to be subrogated to the rights of the holder of a judgment against the defendant's intestate and himself, which he had paid.

*Appeal from Guthrie Circuit Court.*

WEDNESDAY, DECEMBER 17.

THE facts are stated in the opinion.

*J. L. Tait* and *Chas. S. Fogg,* for appellant.

*C. Haden* and *E. R. Fogg,* for appellee.

SEEVERS, J. The facts, sufficiently stated, are that in October, 1876, the Citizen's National Bank recovered a judgment in the Polk District Court against defendant's intestate and the plaintiff. The bank in May, 1877, filed said judgment as a claim against the estate, and the same was allowed and placed among the catalogue of claims. In April, 1878, the petition in the present action was filed, and the allowance of said judgment as a claim against the estate was alleged, and that the same had been assigned to the plaintiff and was his property; that the personal estate was insufficient to pay the indebtedness, and that the intestate died seized of certain described real estate. The relief asked was that the defendant be required to make a report, and that the real estate be sold 'to satisfy said claim and "for such other and further order in the premises as may be proper."

The answer admitted the recovery of the judgment. The assignment of the claim against the estate was admitted, and that said claim had been fully paid to the bank by the plaintiff. It should be stated that the latter alleged in the petition that he was surety to the bank for the intestate, and in the

answer it was stated that the plaintiff and intestate were co-sureties for another person.

The action was treated by the parties and tried as an equit-able proceeding, and the petition was dismissed. The plaintiff having paid the claim of the bank, he was entitled in a proper proceeding to be subrogated to the rights of the bank. This is true whether he was surety for the intestate, or co-surety with him for another person. The question, then, is whether this is such a proceeding, and whether such relief can be granted under the allegations of the petition, and the issue as made up in the court below. Leaving out of view certain allegations in the petition we have not deemed it necessary to refer to, the only disputed matter seems to have been as to whether the plaintiff was surety for the intestate, or co-surety with the latter for another person. This, it seems to us, must be so, because the payment of the claim to the bank by the plaintiff, and the assignment thereof, are admitted by the defendant in the answer; as to these matters, therefore, there was no controversy.

There is no doubt the plaintiff's cause of action against the defendant must be based on the fact that he paid the bank. *White v. Brown*, 5 Dutch., 307; *Bank of Selena v. Abbott*, 3 Denio, 181; *Drefahl v. Tuttle*, 42 Iowa, 177; *Johnston v. Belden*, 49 Iowa, 301.

No exceptions having been taken to the sufficiency of the petition, either by motion, demurrer or answer, we think it was sufficient, and that the court should, under the prayer for general relief, have investigated and determined the extent of the suretyship, the amount to which the plaintiff was entitled, and allowed and established the claim of the plaintiff as a claim against the estate, and subrogated him to all the rights of the bank. Having done this, the plaintiff of course would be entitled to such orders as were required for the enforcement of such additional rights as it should appear he was entitled to.

REVERSED.