Searing v. Berry et al.

*Clarke & Farrell*, for appellant.

*M. D. O'Connell*, for appellee.

1. QUO WAR-
RANTO : dis-
missal of.

AFFIRMED.

SEARING V. BERRY ET AL.

1. **Fraudulent Conveyance:** EVIDENCE OF. Evidence in relation to the conveyance of certain real estate and the assignment of certain judgments, constituting all the property the grantor had subject to execution, considered, and held sufficient to justify the court in the conclusion that the conveyances were fraudulent, as to the creditors of the grantor.

2. **Surety:** PAYMENT BY: ASSIGNMENT OF JUDGMENT. Where a surety pays a judgment rendered against himself and principal, he becomes, in equity, subrogated to all the rights of the creditor, and is entitled to an assignment of the judgment to himself or to another for his benefit, and may enforce, as against the principal, all liens, priorities, and means of compelling payment held by the creditor.

3. ——— : ——— :——— : TRUSTEE. Where a judgment paid by the surety is assigned without consideration to another for the benefit of the surety, such assignee holds the legal title as trustee for the surety, and the law regards him as the real party in interest, entitled to enforce the collection of the judgment.

4. **Decree:** AGGREGATE OF SEVERAL JUDGMENTS: INTEREST. The decree in this case, rendering a single judgment against the principal for the aggregate of several judgments, costs and interest, paid by the surety, with interest thereon, and providing that the lands and judgments fraudulently conveyed be subjected to the payment thereof, approved.

5. **Judgment:** SURETY: PAYMENT BY: PRESUMPTION. Where a surety paid a judgment against himself and principal, and received the assignment of the same, it will be presumed that he paid the full sum due at the time, and that the payment was made on the day that the assignment bears date.

*Appeal from Black Hawk District Court.*

TUESDAY, APRIL 4.

ACTION in chancery to set aside certain deeds of real estate and assignments of two judgments made by defendant, Samuel Berry, to Ezra S. Newton, which are alleged to have been made to defraud plaintiff, who is a creditor of Berry, by hindering and preventing him from enforcing certain judgments held by him against Berry. Newton and his wife and the wife of Berry are joined as defendants in the action. There was a decree granting the relief prayed for in the petition. Defendants appeal.

*O. C. Miller* and *C. W. Mullan*, for appellants.

*Charles Bishop* and *Boies & Couch*, for appellee.

BECK, J.—I. The plaintiff is the assignee of judgments against the defendant, Samuel Berry, one in favor of the City Exchange Bank of La Porte, one in favor of H. B. Allen, and three in favor of Henry Barden. The dates, amounts, and other particulars of each of these judgments are set out in the abstract and need not be here recited. Prior to the rendition of these judgments, Berry conveyed to the defendant, Ezra Newton, more than one thousand acres of land and transferred two judgments for $2,000 each and costs, upon which there was due more than three years interest, at the

rate of ten per centum per annum. It is alleged in the peti-
tion that at the time of these conveyances and transfers, Berry
was indebted to the assignees of plaintiffs and to others; that
the deeds and assignments of the judgments were made with-
out consideration, and with the fraudulent intention on the
part of both Berry and Newton to hinder and defeat the
collection of the debts owed by Berry; that executions on the
judgments had been returned no property found, and that
Berry and other persons who are defendants in three of the
judgments are insolvent.

II. The testimony, we think, clearly establishes the sale and
transfer of the land and judgments to Newton to be fraudu-
lent on the part of both Berry and Newton. The
land conveyed was more than one thousand acres
and constituted all of the real estate of Berry within
the State, and the judgments assigned were for more than
$4,000. The land and judgments constituted all of the prop-
erty of Berry subject to execution. Newton was a young
man of twenty-three years of age, and a friend of Berry and
his family. He subsequently married a daughter of Berry.
He had, according to his own statement, property to the value
of about $2,500. He undertook to pay about $5,500 for
the land, giving his note to Berry for over $3,600, and assum-
ing to pay certain mortgages executed by Berry upon the land
amounting to $1,800. No security whatever was required
or given upon the notes. Berry continued to live upon the
land and remained in possession, having charge thereof as
was claimed, for Newton, who, more than a year after the
transaction, went to live on the land in the family of Berry.
Newton knew that Berry was indebted, and was in a situation
to know fully his condition as to property and indebtedness.
Other facts established by the evidence point in the same
direction, but we think the statement of the foregoing facts
sufficiently supports the conclusion that the transaction is
fraudulent as to Berry's creditors.

III. The appellants insist that if it be found that the con-

1. FRAUDU-
LENT con-
veyance : evi-
dence of.

veyance of the land and the transfers of the judgments are fraudulent and therefore void, the plaintiff is not entitled to the relief granted him · by the decree of the court below. We will proceed to consider the objections to the decree urged by counsel in support of this position.

2. SURETY: payment by: assignment of judgment.

The judgment in favor of Allen was against Berry and one Ingersoll, who was his surety upon the note, which was the foundation of the judgment. Ingersoll paid the judgment and caused it to be assigned by Allen to plaintiff. It is insisted that the payment satisfied the judgment and that afterwards it could not be assigned for the benefit of the surety, and be enforced against Berry. But we think it is the settled rule that a surety upon payment of the debt is, in equity, subrogated to all the rights of the creditor, and may enforce all liens, priorities, and means compelling payment, held by the creditor. If the debt be reduced to judgment, the surety upon payment is entitled to an assignment thereof, and equity will regard the lien as still subsisting and will aid the surety in its enforcement. *Braught v. Griffith & McCleary*, 16 Iowa, 26; *Sears v. Laforce et al.*, 17 Iowa, 473; *Johnston v. Belden*, 49 Iowa, 301; *The City of Keokuk v. Love*, 31 Iowa, 119.

For full discussions of the doctrine and collections of authorities sustaining it, see notes to 1 Story's Eq. Jurisprudence (Eleventh ed.) § 499 *b, et seq.*, and 1 Leading Cases in Equity, (American edition),131, note to *Dering v. Earl of Winchelsea.*

*Drefahl v. Tuttle*, 42 Iowa, 177; *Bones v. Aiken*, 35 Iowa, 534, are not in conflict with the doctrine we recognize. They hold that at law a judgment cannot be enforced against the principal debtor by execution, for the benefit of a surety who has paid it.

IV. It is insisted that as the assignment of the judgment in favor of Allen was made to plaintiff without consideration, and merely for the purpose of enabling plaintiff to enforce its collection, he is not a real party in interest, so far as that judgment is concerned, and as to it he

3. ——:———: ———: trustee.

cannot support this action. But the plaintiff holds the legal title to the judgment, and according to defendants' position, is a trustee of Allen. The law regards him as the real party in interest to prosecute this suit to enforce the collection of the judgment. *Cottle v. Cole & Cole*, 20 Iowa, 481; *Farwell v. Tyler*, 5 Iowa, 535.

V. The court in the decree rendered a judgment in favor of plaintiff against Berry for the aggregate of the amount of the several judgments and costs, with ten per centum per annum interest upon the judgments, the rate of interest prescribed in each, and six per cent upon costs, and declared the lands and judgments described in the petition to be subject to the payment of the judgment, and directed special execution to issue for the sale of the property. The defendants' counsel insist that the law does not authorize relief in this form, and that the proper relief would have been a decree declaring the property subject to the judgments and directing that they be enforced by executions issued thereon. We think the decree is correct, and more effectively and perfectly provides for the relief to which plaintiff is entitled than would a decree of the character insisted upon by defendants. Neither is the decree inequitable and oppresive to defendants. Indeed it saves to them costs which, under the decree in the form they insist upon, they would have been required to pay. The decree may be enforced by one execution. If it provided for an execution on each judgment, five executions would have been required.

VI. The interest upon the judgments is *included* in the amount of the decree, and defendants are thus required to pay interest upon interest from the date of the decree until it is satisfied. But this is done in all cases where judgments are rendered upon judgments. If plaintiff be entitled to the decree in the present form, the consequent liability of defendant for interest upon interest cannot defeat his right. The practice, we know, in cases where but one judgment is sought to be enforced, usually accords with the position of defendants'

*Marginal note: 4. DECREE: aggregate of judgments: interest.*

counsel. But where many judgments are in question, and it becomes necessary to determine the amounts due on each, or other matters affecting their validity, we think the court by the decree should settle all such questions by a judgment as in this case.

VII. As we have shown the judgment in favor of Allen was paid by the surety, we have held that the surety is enti-

5. JUDGMENT: surety: payment by: presumptions. tled to recover the amount paid by him and six per cent per annum interest. *Johnston v. Belden*, 49 Iowa 301. The testimony is to the effect that the surety paid the judgment, but the amount he paid is not shown. We will presume he paid the amount due at the time of payment. The evidence shows that it was agreed between the surety and Allen that upon payment by the latter the judgment should be assigned to him. It is shown that the assignment was made on the 18th day of August, 1880. We will presume that the payment was made on that day. Plaintiff ought to recover the amount of the judgment and costs due on the 18th day of August, 1880, with interest on the judgment at ten per centum per annum, and upon the costs at six per centum, to which should be added interest upon the aggregate of these amounts at the rate of six per centum to the date of the decree. The final amount thus found due on the Allen judgment should draw interest at the rate of six per centum per annum until paid. We have computed the interest and think the amount found due upon this judgment by the District Court does not exceed the sum which plaintiff should recover. But in this computation we may have erred. The judgment will be so modified as to the amount recoverable upon the Allen judgment, and the interest it shall draw, as to accord with these views. In other respects the judgment will be affirmed. As it does not appear that any question was raised in the court below, as to the rate of interest recoverable on the Allen judgment, the appellant will pay the costs of this appeal. With this modification the decree of the court below will be affirmed.

MODIFIED AND AFFIRMED.