## SCHLEISSMAN v. KALLENBERG.

1. **Promissory Note:** JUDGMENT AGAINST MAKER AND INDORSER: PAYMENT BY INDORSER: SUBROGATION. Where judgment·has been rendered upon a promissory note against the maker and one who indorsed the note after the payee, and such indorser pays the judgment and takes an assignment thereof to himself, it is not thereby extinguished, but he is subrogated to the rights of the judgment creditor, and may enforce the judgment against the property of the maker. (See opinion for extra-state cases cited, and for Iowa cases distinguished.)

2. **Forcible Entry and Detainer:** EQUITABLE DEFENSE NOT PLEADED. Where an indorser pays a judgment upon a promissory note against him and the maker, and takes an assignment of the judgment, and thereunder sells the land of the maker, and himself buys it in, and then brings an action of forcibly entry and detainer to recover the possession of the land from the maker, his recovery cannot be defeated

by the mere suggestion of possible equities existing betweer him and the maker, whereby the payment of the judgment ought to be regarded as an extinguishment, where no such equities are pleaded.

[REED and SEEVERS, JJ., *dissenting.*]

### *Appeal from Carroll Circuit Court.*

### TUESDAY, JUNE 21.

FORCIBLE entry and detainer, brought before a justice of the peace, which was removed to the circuit court on a plea of title. The cause was tried without a jury, and judgment rendered for plaintiff. Defendant appeals.

*George R. Cloud*, for appellant.

*George W. Paine*, for appellee.

BECK, J.— I. The plaintiff seeks to recover possession of the land under a sheriff's deed to him. The answer

1. PROMIS- SORY note: judgment against maker and indorser: payment by indorser: subrogation.

alleges that the judgment under which the sheriff's sale and deed were had was rendered against plaintiff in this action and two other defendants; that plaintiff paid the judgment, caused it to be assigned to him, and the property in controversy to be sold upon an execution issued thereon, and became the purchaser, the sheriff's deed being executed to him; and that by reason of these facts the sheriff's sale and deed are void. The reply to the answer denies its allegations, and pleads a decision in another case as an estoppel, which, however, in the view we take of the case, need not be further noticed. The facts relied upon by defendant to defeat the deed are these: Plaintiff was the indorser of the promissory note upon which the judgment was rendered whereon the sheriff's sale and deed were had. The judgment was assigned to him by the plaintiffs therein. It is insisted that plaintiff's payment for the assignment of the judgment operated as a satisfaction thereof.

II. It is a familiar rule that, when the indorser of a promissory note makes payment thereof to the holder, he

becomes entitled to its possession, and may pursue his remedy thereon against the maker. This rule is for the protection of the indorser, to the end that he may recover against the maker,— the party primarily liable. The reasons and demands of justice upon which the rule is based require it to be extended and applied to a judgment rendered upon the note. The maker, in law and conscience, is required to pay the note, and protect the indorser. He can urge no reason why the indorser should not have his remedy upon the judgment, and be put to the expense and delay of prosecuting another suit. If the indorser holds the right, as against the maker, to take an assignment of the judgment, and enforce it, no one claiming under the maker can object thereto. See Freem. Judgm., § 471; *Eno v. Crooke*, 10 N. Y., 60; *Corey v. White*, 3 Barb., 12; *Cuyler v. Ensworth*, 6 Paige, 32; *Clason v. Morris*, 10 Johns., 524; *New York State Bank v. Fletcher*, 5 Wend., 85; *Harger v. McCollough*, 2 Denio, 119.

III. The conclusion we reach in the case is not in conflict with the rulings of this court in *Bones v. Aiken*, 35 Iowa, 534; *Drefahl v. Tuttle*, 42 Id., 177; and *Johnston v. Belden*, 49 Id., 301,— wherein it was held that sureties, upon paying judgments rendered upon the contracts whereon they are bound, are not entitled to take assignments of the judgments, and enforce them by execution, without an action against the principals. The distinction between those cases and this is obvious. The persons seeking to enforce the judgments in those cases were mere sureties. The obligation of the principal to reimburse the surety for money paid in satisfaction of the debt rests upon an implied contract of the principal to repay the surety money advanced in discharge of the debt, which the law regards as having been paid for the benefit, and upon the request, of the principal. He is not liable to the surety upon the note or other evidence of the debt. His liability, as we have just said, rests upon an implied contract. But in the case of an indorser the liability

Schleissman v. Kallenberg.

of the maker, or other prior indorser, rests upon the note itself, and the indorsements thereon, which were the foundation of the action wherein the judgment in question in this case was rendered.

The liability of both maker and indorser in this case was adjudicated by the judgment in question. The maker and indorser being found liable on the note, the maker's liability to the indorser follows as a matter of law. It would be vain to require the indorser to bring an action against the maker, when his liability has already been adjudicated in the action against himself and the indorser. The courts will not require actions to determine rights already adjudicated. They will not require another judgment to be rendered, when the indorser's rights may be enforced under the existing judgment.

It will be understood that we use the term " indorser " to indicate one who indorsed the note after the payee. As between the maker and payee, the last-named is not the indorser. Their relations and rights are different from those existing between a subsequent indorser and the maker. A payee, indorsing the note, is an indorser as to subsequent parties; as to the maker, he is the payee, and cannot be called an indorser when the rights of the maker or himself are involved.

IV. It has been suggested that some equity might exist as between the indorser and maker which would relieve the maker of liability to the indorser, and require **2. FORCIBLE entry and detainer: equitable defense not pleaded.** him to satisfy the judgment. That is true, and if such an equity should exist, the maker must enforce it in chancery, or by pleading an equitable defense to an action at law. He must enforce it by some proceeding recognized by the rules of equity or by statute. But who ever heard of arresting proceedings in an action at law upon the mere suggestion of imaginary equities which possibly exist between the parties, when no such equities are pleaded or alleged in the action?

This is an action at law, to recover land under a title based

upon a judgment. Surely, the judgment cannot be pronounced void for the reason that it may be imagined that an equity could possibly exist between the parties to this suit; and, if such an equity should be assumed to exist, it cannot defeat the rights of plaintiff in the collateral proceedings, without having been pleaded in any action whatever.

Other questions discussed by counsel need not be considered. The judgment of the circuit court is

AFFIRMED.

REED and SEEVERS, JJ., dissent.