THE DES MOINES SAVINGS BANK v. THE COLFAX HOTEL COMPANY *et al.*

**Promissory Note :** JUDGMENT : ASSIGNMENT TO INDORSER : SATISFACTION. Defendant executed its note to C., who indorsed it to plaintiff. Plaintiff brought action upon the note and took the default of both defendant and C., but took judgment against defendant only. C. furnished A. with sufficient money to procure an assignment of the judgment to A., but A. held it for C. only, and, in legal effect, C. paid the money and took the assignment to himself. *Held* that the judgment was not thereby satisfied, as C. was not a judgment debtor. (See opinion for cases distinguished.)

*Appeal from Polk District Court.*—HON. JOSIAH GIVEN, Judge.

Des Moines Sav. Bank v. The Colfax Hotel Co.

FILED, FEBRUARY 10, 1890.

IN 1885 the plaintiff recovered a judgment against the Colfax Hotel Company for three thousand dollars, on a note executed by the hotel company to James Callanan, and by Callanan transferred by indorsement to plaintiff. In the action upon this note Callanan was made a party, default taken, but no judgment was ever rendered against him. After the entry of the judgment against the hotel company, Callanan furnished to one Atkins sufficient money, and the latter took an assignment of the judgment to himself. The assignment was never filed, and the records do not show any transfer of the judgment. Callanan took Atkins' note for the amount of money furnished to purchase the judgment. Upon this judgment an execution was issued, and Clark was garnished. He answered as such garnishee in February, 1888, denying that he was in any manner indebted to the defendant, and alleging no other reason why he was not liable. Issue was joined upon this answer, and a trial had to the court, which found the following fact: "That the judgment under which the execution upon this garnishment was served was satisfied by the payment of the money by James Callanan, as shown in the evidence, and the court makes no finding as to whether the said garnishee is indebted to the defendant, nor upon any other question presented in the case." The district court entered judgment discharging the garnishee, from which the plaintiff appeals.

*Cummins & Wright*, for appellant.

*C. C. & C. L. Nourse*, for appellee.

GRANGER, J.—It will be observed that the order discharging the garnishee is based on the court's finding that the judgment in the case had been paid by Callanan, and no other fact in the case is found. Of course, if the principal judgment was paid, there was no basis for the garnishment proceeding, and the

discharge was right. We should first understand the full force or effect of the finding of fact by the court. It "finds that the judgment * * * was satisfied by the payment of the money by James Callanan, as shown in the evidence." Turning to the evidence, we think it admits of but a single conclusion,—that Atkins, in paying the money and taking the assignment, acted for Callanan, and that the judgment, if not as a matter of law satisfied, is the property of Callanan. The testimony of Mr. Callanan admits of no other conclusion. If it were a matter of practical dispute, we could not in this case determine it from the evidence.

We then have the facts so modified in legal effect as to show that Callanan paid the money, and took an assignment of the judgment to himself. This brings us clearly to the question, if such an act was a satisfaction of the judgment. The facts upon which an affirmative answer must rest are that Callanan, as payee in the note, indorsed the same to the plaintiff, and was in the suit made a party, and was at the time of the assignment standing in default, but with no judgment against him. *Schleissman v. Kallenberg,* 72 Iowa, 338, involved the question of the right of one of two judgment defendants, whose liability was that of indorser on a note, to purchase the judgment against his co-defendant, and the right is there sustained. In that case, however, the indorser was not a payee in the note, and the opinion seems to attach importance to that fact, though it is by no means the controlling consideration. The thought upon which the ruling must rest is that the assignee of the judgment, though a party to it, being a surety only as to his co-defendant, was not liable for its payment. His liability was alone to the judgment plaintiff. As to his co-defendant, if he paid the judgment he must be reimbursed, and there seems to be no good reason or direct authority why he should not pay the judgment, and take an assignment of the same against his co-defendant, whose obligation for payment was primary. On account of some expressions used in the

reasoning, each party cites and claims support from the case. Appellee insists that it is an express holding in support of his claim that the judgment in this case was satisfied. Without attempting to determine the merits of the respective claims as to that case, it is sufficient to say that this case is not the same as to its facts, in this: That in this case Callanan is not a judgment debtor, and not liable as such. His liability is still on the note, and we are unable to see why he may not, in the relation he occupies, purchase of the plaintiff the judgment, and hold it against the other defendant in the case. It is said to so hold is to overturn the adjudications in *Bones v. Aiken*, 35 Iowa, 534; *Drefahl v. Tuttle*, 42 Iowa, 177; and *Johnston v. Belden*, 49 Iowa, 301. But those are cases in which a judgment debtor paid the judgment, and took an assignment against other judgment debtors whose liabilities were primary; and the holdings were that the payment was a satisfaction of the judgment. To hold that the payment by Callanan was a satisfaction of the judgment in this case, we must extend the rule, and have it apply to cases of defendants without judgment. Before so doing, the rule as it exists should possess merits that we do not discover. Callanan assigned the note on which the judgment was obtained to the plaintiff. By such assignment the hotel company became obligated for its payment to the plaintiff, and Callanan's obligation was secondary.

It was the right of Callanan thereafter to purchase the note of the plaintiff, and hold it as against the defendant company. Such a purchase would not be treated as a payment of the note. As long as Callanan is not a judgment debtor, why may he not, on principle, purchase a judgment obtained against the maker on the note, and hold it in lieu of the note? No reason is suggested, barring the claim that the authorities cited are against it, and we can imagine none. Under the facts as disclosed in the records, if Callanan should pay the judgment the law gives him the right to recover

the amount so paid from his co-defendants. No interest is to be subserved by compelling Callanan to institute another suit, involving expense and time, to obtain a judgment, and public policy certainly does not dictate such a course. We do not think the transaction by which Callanan paid the judgment and took an assignment operated as a satisfaction of the judgment, and in so holding we think the district court erred.

Appellee presents other questions for consideration in support of the court's action, but, as we understand, they do not arise in the record. The court's judgment was based on one fact found. Appellee does not appeal, and the assignments of error do not involve the points presented by appellee. The court, after finding the one fact, expressly states that it "makes no finding as to whether the said garnishee is indebted to the defendant, nor upon any other question presented in the case." The plaintiff is entitled to a finding as to the indebtedness of the garnishee, and in a law action, where the testimony is conflicting, we cannot consider it for that purpose. The cause is remanded to the district court for such a finding

Reversed.