HAUGE ASSOCIATES,
INC., Appellant,

v.

Charles H. McGRIFF, Appellee.

No. 02–0470.

Supreme Court of Iowa.

July 16, 2003.

Randall G. Horstmann of Nyemaster, Goode, Voigts, West, Hansell & O'Brien, P.C., Des Moines, and Paul H. Linde, Sioux Falls, South Dakota, for appellant.

Matthew F. Hrubetz of Phil Watson, P.C., Des Moines, for appellee.

Mark R. Whitmore of Bassford, Lockhart, Truesdell & Briggs, P.A., Minneapolis, Minnesota, for amicus curiae ACA International.

PER CURIAM.

This appeal results from an unsuccessful attempt by Hauge Associates, Inc., a collection agency, to collect a $458.25 hospital bill for Clarke County Hospital. The alleged debtor is Charles H. McGriff. Both the small claims court and the district court believed that this court's decision in *Iowa Supreme Court Commission on Unauthorized Practice of Law v. A–1 Associates, Ltd.,* 623 N.W.2d 803 (Iowa 2001), precludes a collection agency from suing on an account assigned to it for purposes of collecting monies owed the assignor.

Our *A –1 Associates* decision concerned an issue involving the alleged unauthorized practice of law by a collection agency. Our decision in that case was a reaffirmation of an earlier decision in *Bump v. Barnett,* 235 Iowa 308, 16 N.W.2d 579 (1944), which held that the assignment of a debt for purposes of enabling the assignee to bring suit for the amount owing to the assignor and remit any recovery, less a percentage commission, to the assignor, does not confer upon the assignee the status of pro se litigant sufficient to avoid a determination that the assignee is engaging in the unauthorized practice of law.

We stated in *A–1 Associates* that "neither the recognized right of parties to assign choses in action nor the equally well-settled right to try one's own case in court resolved the question of whether [the assignee's] litigation activity on behalf of others constituted the unauthorized practice of law." *A–1 Assocs.,* 623 N.W.2d at 805. In holding that it did amount to unauthorized practice, we applied the following admonition from the *Bump* case.

Undoubtedly one might for example engage in the business of buying claims as investments and might take assignments of them to himself and maintain actions

thereon in his own name. But when he does not purchase the claims and only takes colorable assignment of them so he may render or cause to be rendered legal service to others and holds himself out as engaged in such practice, it is quite a different matter.

*Bump,* 235 Iowa at 313, 16 N.W.2d at 582. The considerations involving the unauthorized practice of law at issue in *Bump* and *A–1 Associates* do not exist in the present case because Hauge Associates, Inc. was, at all times, represented by a licensed attorney.

The pronouncements that we refer to from the *Bump* and *A–1 Associates* cases were not made in regard to the assignee's status as a real party in interest. The real-party-in-interest status of the holder of an account for collection was first determined in *Searing v. Berry,* 58 Iowa 20, 11 N.W. 708 (1882). We stated in that case:

It is insisted that as the assignment of the judgment in favor of Allen was made to plaintiff without consideration, and merely for the purpose of enabling plaintiff to enforce its collection, he is not a real party in interest, so far as that judgment is concerned, and as to it he cannot support this action. But the plaintiff holds the legal title to the judgment, and according to the defendants' position, is a trustee of Allen. The law regards him as the real party in interest to prosecute this suit to enforce the collection of the judgment.

*Searing,* 58 Iowa at 23–24, 11 N.W. at 709 (citations omitted). The conclusion that an assignee of an account for collection pur-

poses may be considered to be the real party in interest for bringing suit on the claim was reaffirmed in *Carson Pirie Scott & Co. v. Long,* 222 Iowa 506, 508, 268 N.W. 518, 519 (1936).

We find no reason to depart from the conclusions reached in the *Searing* and *Carson Pirie Scott & Co.* decisions concerning the real-party-in-interest status of an assignee for collection purposes. Iowa Code section 539.3 (2001), enacted after *Searing* and *Carson Pirie Scott & Co.* were decided, serves to reinforce the rights of assignees for collection purposes to sue in their own name.[1]

We have considered all issues presented and conclude that the judgment of the district court must be reversed. The case is remanded to the small claims court for further proceedings on the hospital's claim.

**REVERSED AND REMANDED.**

---

**1.** Iowa Code section 539.3 provides:

An open account of sums of money due on contract may be assigned. The assignee, including a person who takes assignment for collection in the regular course of business, has a right of action on the account to the assignee's own name, subject to the defenses and counterclaims allowed against the instruments mentioned in section 539.2, before notice of the assignment is given to the debtor in writing by the assignee. In case of conflict Uniform Commercial Code, section 554.9318, controls.

Iowa Code § 539.3.