The opinion of the court was delivered by
Duncan, J.
The first exception, in the natural order, to the proceedings in this cause is, the the admission of evidence of the sale of a growing crop, on a count of indebitatus assumpsit for goods, wares, and merchandize, sold and delivered. It was said by' Lord Holt, to be the act of a very bold man who first declared in indebitatus assumpsit generally for goods, &c. sold and delivered. This action had many difficulties to encounter in its infancy. At first it was held not to lie against an executor; at length this was got over, for this extraordinaiy reason, that as there were assets sufficient, the testaor’s soul should not be put in jeopardy, by the prejudice the defendant’s promise had done the plaintiff. 4 Reeve’s English Law, 380. It is however well settled that in this action it is not necessary to state the particular goods sold and delivered. Indeed it would swell the record to an enormous size, specially to state the items of an account, from an anchor to a needle. The great reason why the plaintiffis bound to show, in what respect the defendant is indebted, is that it may appear that it is not a debt of record or on a specialty. 1 Chitty Plead. 336. And any general words by which that may be made appear are sufficient. Peters v. Opie, 3 Sound. 350, note 2. The course of pleadings is the best evidence of the law. Now in cases of the sale of real property, the price of a freehold or a leasehold estate, it is necessary to state the contract specially, and on the sale of a growing crop it is always so stated. 1 Chitty, 38, 3 Chitty, 17. So it has been held, that indebitatus assumpsit generally for goods sold and delivered, will not lie for the fixtures of a house. And though crops growing, *50 artificial crops, as to some purposes, are goods and chattels, personal assets for the payment of debts, subject to a levy as personal property on an execution, by our practice, and rendered by act of assembly liable for distress for rent; and though annexed to or growing upon the freehold, for certain purposes they may be regarded as chattels, if treated for in respect to their separation,' yet this does not hold in all respects. They are not the subjects of felony. At' the time the sale was made, the growing crop aid not exist in the state of goods, wares and merchandize, nor as goods, &c. was it capable of delivery. The contract was in its nature special, and executory. To give in evidence, on- a count for goods sold and delivered, the sale of a tract of land would appear to every man as a strange incongruity. In Weigley’s Administrators v. Weir, 7 Serg. & Rawle, 311, there is a very plain intimation, thata special indebitatus assumpsit for lands sold, would not-lie, but the contract ought to be strictly laid. The object of the declaration is to give notice. It could not convey any notice to the defendant, that on a count for goods sold and delivered,-the plaintiff intended to recover as for lands, or a growing crop, or the fixtures of the freehold. In the'case of lands, the declaration would be bad, on the sale of any thing savouring of the realty, of a growing crop annexed to andinseparate from the sod itself. It appears to me on principle and precedent, that the contract should be specially laid, and that there' can be no i’ecovery in indebitatus assumpsit for goods sold, by proving the sale of a growing crop. The entry in a shop book would not be evidence to charge the defendant.
The second objection is the overruling of the set off. The notice-of set off need not be- so- certain, and by no- means so formal,- as a-declaration. It must describe the demand with reasonable certainty, so as not to take the plaintiff by surprise. Gabel v. Jacobs, 5 T. R. 121, The generality here would be sufficiently certain in a statement; the plaintiff could not be misled. The latter articles bears date before action brought. We must suppose that the preceding ones did also." If they were not due before action brought, they could notbesetoff. The defendant below offered proof that they were, and that they were articles furnished the plaintiff by the defendant, and services rendered him by the defendant. The set off of a defendant is in the nature of an action by him. It is certain that S. Lewis could have brought an action against Vanlear, for the sum he intended to set off. It is equally true, that in this action Samuel Lewis is alone answerable; the writ, declaration, judgment and execution must all be against him. By the death of his partner the onus of paying this debt was thrown on him; why then is he not to be permitted to set it off. He is sued by the plaintiff for a debt due him, why should he not set off a debt due to himself? It seems to me, to fall within the strict letter of the act. They are mutual debts. In this action the plaintiff only could-recover *51 the sum due to him; he could recover it from the defendant only; he had no occasion to bring it against him as surviving partner. For if there be two partners, and one of them buys goods for both, and the other dies, the survivor may be sued generally in indebitatus assurhpsit, without taking notice of the partnership, and that the other is dead and he survived. Hagate v. Hare, Comb. 383. Therefore if any debt is due to the same partner he may set it off. Smith v. Barrow, 2 T. R. 478. Under a declaration containing only one set of counts charging the defendant in his own right, the plaintiff may recover one demand from the defendant individually, andanother due from'him as surviving partner. Richards v. Heathe, 1 S. & B. 29. Slipper v. Stidstone, 5 T. R. 493. It was there held that a debt due to a defendant as a surviving-partner may be set off against a demand in his own right So in French v. Andrade, 6 T. R. 582. A set off is an equitable defence. Why should the assignees or trustees of Vanlear, recover against Samuel Lewis, when he is the debtor of Samuel Lewis, and then leave to fewis a mock action against Vanlear, an insolvent debtor, against whom he might recover a verdict, but from whom he could not obtain one cent? The defendant who is sued is the same individual who sets up the counterdemand against the plaintiff; he sets it up in his own right, because he is' sued in his own right. The debts are in the strictest sense of the word mutual. There is no occasion to call for the exercise of any equity power. It was a legal defalcation, and ought to have been read in evidence. It is proper to observe that the substituting of representatives under the act of assembly, does not change their rights; they are the same as if they were original parties to the suit.
Judgment reversed, and a venire facias de novo awarded.