H. H. HARRIS

v.

H. R. PEARCE.

</div>

1. PLEADING SET-OFF—NOTICE OF SPECIAL MATTER.—A defendant may plead the general issue with notice of special matter, or he may plead as many special pleas as he may deem necessary, but he cannot resort to both

Harris v. Pearce.

modes at the same time. An objection that the defense is presented by both modes, must however be raised in the court below by motion to strike the pleas or notice from the files, and so put the defendant upon his election.

2. PRACTICE—OBJECTION TO EVIDENCE.—Objections to the admission or exclusion of evidence must be made in the court below; they cannot be urged for the first time in this court.

3. SET-OFF—WHEN ALLOWED—SURVIVING PARTNER.—A debt due to a defendant as a surviving partner may be set-off against a demand on him in his own right and *vice versa*. By the death of the co-partner the debt is considered to be owing to him in his own right, and so is not subject to the objection that it is a demand held *in autre droit*.

4. ACTION FOR MONEY HAD AND RECEIVED—DEFENSES.—In an action for money had and received the defendant may, under the general issue, give in evidence any fact going to show that he has the better equity, as that the money is retained as payment for services done by him and his deceased partner.

5. LAW PARTNERSHIP—RETAINING FEE.—Where a partnership exists between two attorneys, and one of them receives a retaining fee, conducts the trial of the cause and charges the fee therefor on the firm books, the presumption will be of a retainer of the firm, and that the fee accrued to the firm, but such presumption is liable to be rebutted.

APPEAL from the Circuit Court of Saline county; the Hon. D. M. BROWNING, Judge, presiding. Opinion filed April 2, 1880.

Mr. H. H. HARRIS *pro se;* that a special contract with one member of a firm before the formation of the partnership would not be binding upon the firm, cited McNair v. Platt, 46 Ill. 211; Goodnew v. Jones, 75 Ill. 48; Nat. Bank v. Mapes, 85 Ill. 67.

A party to avail himself of an objection must raise the question in the Court below: R. R. I. & St. L. R. R. Co. v. Beckmeier, 72 Ill. 267; Lane v. The People, 76 Ill. 300; Brannan v. Strauss, 75 Ill. 234; Hartford Ins. Co. v. Farrish, 73 Ill. 166.

Upon the right to the set-off claimed: 5 Term Rep. 493; 1 Esp. 47; 6 Term Rep. 582; 2 Term Rep. 476; 11 Johns. 70; Barbour on Set-Off, 103; Waterman on Set-Off, § 150; 1 Chitty 232.

Mr. W. V. CHOISSER and Messrs. MORRIS & BOYER, for appellee; that notice of special matter and special pleas cannot

be combined in one defense, cited 3 Chitty's Pl.* 933; Rev. Stat. 1874, 778; Gilmer v. Nowland, 26 Ill. 200.

A notice must be as certain as a declaration: 1 Chitty's Pl.* 575.

Against the right of set-off: Hughes v. Trahern, 64 Ill. 48.

BAKER, P. J.  This was assumpsit upon the common counts. Appellant, who was defendant below, filed the general issue with notice of set-off and a special plea. No evidence was offered under this latter plea. The position of appellee, as urged in this court, is, in substance, that the case of appellant presented no semblance of either a defence or cross-action, and that even assuming it did, it was of such character it could not be considered under the record and pleadings in the suit, and that therefore, even if the errors are otherwise well assigned, they worked no injury and should not reverse. These suggestions we will consider, for if well grounded; they dispose of the whole matter, provided appellee made out a *prima facie* case for the amount for which he recovered verdict and judgment. First, as to the question of pleading, the statute places the two modes of presenting the defense in the alternative; the defendant may either plead the general issue, and give notice in writing under the same of special matters relied on, or he may plead as many special pleas as he may deem necessary, but he cannot resort to both modes at the same time; he must confine himself to the one mode or the other of presenting his defense. R. S. 1874, ch. 110, sec. 29; Gilmore v. Nowland, 26 Ill. 200. But appellee must be held to have waived all objections in this regard; he did not move the court to compel the defendant to make an election, nor did he move the court to strike either the special plea or the notice of special matter from the files; nor did he object to the introduction of evidence under the notice. To avail himself of the objection here, he should have raised the question in the court below. Besides, as defendant offered no evidence under the special plea, he may be considered as having abandoned it in the Circuit Court. So, also, of the point made as to the want of certainty in the notice, and of the alleged

Harris v. Pearce.

variance between the proofs introduced and the matter set up in the notice of set-off, for the reason the indebtedness was not stated to be due defendant as surviving partner. Evidence was introduced under this notice, and was not objected to, and no motion was made to exclude it. If there was a variance, which may well be questioned, or if the notice was not sufficiently clear and explicit, then the testimony should have been objected to, and thereupon the defendant might readily, under our liberal statutes of amendment, have made the necessary changes in his pleadings on the trial. A party cannot lie by in the court below and acquiesce in all the proceedings had, and then raise objections for the first time in this court. Such practice, if tolerated, would be subversive of justice and trifling with the rights of the citizen. It is also urged, appellant could not, in this suit at law, set-off a debt due to himself as surviving partner of Davis; and the case of Hughes v. Trahern, 64 Ill. 48, is referred to as establishing such doctrine. We do not so understand that case. It is there said in the opinion of the court, "It appears from the evidence preserved in the record, that on the trial of the common law case of Morgan Trahern against Wm. A. Hughes, an attempt was made to set-off the debt due to the firm of Hughes & Bro., against the claim of the plaintiff in that suit, but it was rejected, on the ground that it was not mutual between the parties to the record, and therefore not a proper subject of set-off. The debt due the firm of Hughes & Bro., was not a legitimate set-off to the debt due Trahern, and it was rightfully rejected in the common law action." If in the action at law, the offer had been to set-off against the demand of Trahern, a debt due from him to William A. Hughes as surviving partner, instead of a debt due the firm of Hughes & Bro., then the case cited might be in point.

In the case of a survivor of several contracting parties a demand due him as survivor may be joined with a demand due to him from the party in his own right; and a debt due to a defendant as a surviving partner may be set off against a demand on him in his own right, and *vice versa*. By the death ot the co-partner the debt is considered to be owing to him in his own

right, and so is not subject to the objection that it is a demand held *in autre droit*. The fact that rights are derived from different titles is of no moment.   1 Chit. 202 and 571; Smith v. Barrow, 2 T. R. 478; Slipper v. Stidstone, 5 T. R. 493; French v. Andrade, 6 T. R. 582; Lewis v. Culbertson, 11 Serg. & Rawle, 48; Waterman on Set-Off, p. 277.   The right of the defendant when he has claims or demands against the plaintiff in the action to have such claims or demands set-off, and allowed against the plaintiff's demand, is expressly given by statute.   R. S. 1874, Ch. 110, Sec. 30.   But even waiving all these matters, and conceding all the objections urged by appellee, we see no good reason why the evidence offered by appellant was not admissible under the general issue.   If, as appellant contends, the firm of Davis & Harris performed professional services for appellee in a certain suit, and these services were worth $100, and appellee moreover agreed to pay that sum therefor, and that it might be retained out of the judgment recovered in that suit; and if $100 of said judgment was afterwards paid to appellant as surviving partner of Davis, and surviving attorney for appellee, it is difficult to see why appellant should not be allowed to prove these facts in an action for money had and received, brought to recover said $100 under the general issue.   The same principle which allows the plaintiff in an action for money had and received to recover what *ex æquo et bono* he is entitled to, operates in favor of a defendant when called on for the payment of money; if he can show the better equity he will be permitted to retain the money.

In speaking of this action in Moser v. McFarlan, 2 Burr. 1005, Lord Mansfield said:   " It is equally beneficial to the defendant.   It is the most favorable way in which he can be sued; he can be liable no further than the money he has received; and against that he may go into every equitable defense upon the general issue; he may claim every equitable allowance; he may defend himself by everything which shows that the plaintiff *ex æquo et bono* is not entitled to the whole of his demand or to any part of it."

Under any view we can take of this case the judgment was for too much.   The evidence of appellee shows the execution

was in favor of Pearce and against Nyberg, and that the estate of Davis, the deceased partner, was indebted to Nyberg in the sum of $50, and that thereupon Nyberg paid appellant $50; and appellant, as surviving partner, receipted the $100 upon the execution. Even if we assume appellant thereby made himself liable, in some appropriate action, to account to Pearce for the full $100, yet this declaration contains no count under which such liability could be enforced. The material count under the proofs was that for money had and received, and under that count and the proofs, there should in no event have been a recovery of exceeding $50, and possibly interest thereon. Appellee's own testimony explained the receipt, and conclusively showed appellant received only $50, and received nothing else that could be treated as money. The theory of the count is that the defendant has received or obtained possession either of the money of the plaintiff, or of something which the parties have agreed to treat as money, and which, in equity and good conscience, he ought to pay over to the plaintiff. Here the plaintiff himself shows that $50 of the credit on the execution was for the funeral expenses of Davis, for which the estate of Davis was indebted to Nyberg, and got credit; and appellee admits in his own testimony on the stand, that he agreed to pay Davis $100 for attending to the Nyberg and Provine suit.

Perhaps the most material question in issue before the jury was whether, in the prior litigation of Nyberg and Provine against Pearce, the firm of Davis & Harris were attorneys for Pearce, or Davis alone was retained. In April, 1871, Davis and Harris entered into general partnership for the practice of law. Said litigation arose in 1872, and Davis wrote and filed the answer of Pearce therein, signing the firm name of Davis & Harris thereto, and attended to the case in the court and at the hearing. Pearce knew of the partnership. Harris had been subpœnæd as a witness for Nyberg and Provine, and took no part in conducting the case, and was examined as a witness for Nyberg and Provine on the hearing. Davis charged the fee of $100 against Pearce on the firm books. The presumption would be that the retaining of Davis was a retainer of the

firm, and was made with reference to the terms on which they were doing business, and that the legal cause of action for the fee accrued to the firm. But this presumption was subject to be rebutted.

If it was the understanding between Harris and Davis and Pearce that the employment was personal to Davis, it would rebut such presumption. Or, it might be shown that prior to the formation of the partnership a contract was made between Pearce and Davis, whereby Pearce should render medical services for Davis and his family, and in consideration thereof Davis should attend to his legal business, and that the suit was attended to under that contract; but in order that such contract should be binding on Harris, notice of its existence must be brought home to him. Under the partnership agreement he had an interest in all fees earned by Davis during its continuance, unless there was some understanding that excluded this or other fees. The evidence was conflicting and much of it circumstantial, and the jury should have been carefully and correctly instructed. The 4th instruction given for plaintiff was calculated to mislead. It singled out a single circumstance of proof, and told the jury they might take that fact into consideration in determining the question whether Davis and Harris were attorneys for Pearce in said cause, thereby giving to that one circumstance an undue degree of importance. Moreover the instruction was liable to the construction that if Harris, in his testimony in the chancery suit, where he was examined as a witness, furnished valuable information to Nyberg and Provine's attorney, when such information could have worked to the injury of Pearce in said cause, then that fact would show, or at least tend to show, he was not an attorney for Pearce. Any knowledge Harris may have had, not of a privileged character, bearing upon the issues, he was bound to testify to when placed upon the witness stand, whether he was an attorney in the case or not, and whether it worked injury to his client or not. The instruction was calculated to prejudice the case of the defendant before the jury, and it should not have been given. The first instruction asked by appellant and refused, was properly refused. Although he may not have known

of the alleged arrangement between Davis and Pearce at the time his partnership with Davis was formed, yet, if he afterwards had notice and acquiesced therein, this would be all required in order to bind him.

The other refused instruction was substantially covered by instructions given, and the court was right in refusing to give it.

For the reasons indicated, the judgment of the Circuit Court is reversed and the cause remanded.

Reversed and remanded.