85   559|
106  392|

ABELL NOTE BROKERAGE & BOND COMPANY, Appellee,
v. W. H. HURD et al., Appellants.

SAME v. ANTHONY BANK et al., Appellants.

Action: REAL PARTY IN INTEREST: PROMISSORY NOTE: INDORSEE FOR COLLECTION. An indorsee of a promissory note for the purposes of collection, being the holder of the legal title thereto, may bring an action thereon in his own name.

Appeal from Woodbury District Court.—HON. C. H. LEWIS, Judge.

TUESDAY, MAY 24, 1892.

ACTION upon a promissory note payable to "Anthony bank or order," and indorsed by the bank to Calais National bank, and by the latter bank to the plaintiff for collection. The defendants answered, alleging want of consideration and fraud upon the part of the Anthony bank and W. H. Hurd, its president, in obtaining the note. The case was submitted to the court, and at the close of the testimony the defendants moved to dismiss, on the ground that the plaintiff was not the real party in interest. The motion was overruled, and judgment entered for the plaintiff. The defendants appeal. The other case above entitled being identical, and involving the same questions is submitted herewith.—Affirmed.

J. S. Lawrence and J. H. Quick, for appellants.

Chas. K. Williams, for appellee.

GIVEN, J.—The only question discussed on this appeal is the plaintiff's right to prosecute the action.

The appellant's contention is that, as the note was indorsed to the appellee for the purpose of collection, it is not the real party in interest, and therefore not entitled to prosecute this action; citing section 2543 of the Code, which requires that "every action must be prosecuted in the name of the real party in interest, except as provided in the next section," as to executors, etc. This contention of the appellants is fully answered in *Cottle v. Cole*, 20 Iowa, 485, where it is said: "The course of decision in this state establishes this rule, viz.: That the party holding the legal title of a note or instrument may sue on it though he be an agent or trustee, and liable to account to another for the proceeds of the recovery, but he is open, in such case, to any defense which exists against the party beneficially interested." The right of the appellants to maintain their defense of fraud and want of consideration was not questioned, but it does not appear that they offered any evidence whatever to sustain that defense. The appellee contends that the appellants should have raised their objection to the capacity of the plaintiff to maintain the action by demurrer or answer, and that it was too late to raise the question by motion after the evidence was introduced. As our view of the cases just expressed fully disposes of them, we have not considered this claim of the appellee.

The judgments of the district court are AFFIRMED.