### Daniel Blackstone v. William H. Ragan.

1. SURVIVING PARTNER—*what may be recovered by.* A surviving partner in a single action may recover demands due him individually as well as demands due him as surviving partner.

Action commenced before justice of the peace. Appeal from the Circuit Court of Shelby County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the November term, 1905. Affirmed. Opinion filed March 20, 1906.

RICHARDSON & WHITAKER, for appellant.

CHAFEE & CHEW and GEORGE B. RHOADS, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit originally commenced before a justice of the peace by Anthony Thornton and William H. Ragan, partners, against appellant, to recover $200 claimed to be due for legal services. There was a judgment against appellant for that amount before the justice, from which he took an appeal to the Circuit Court. Pending the appeal in the Circuit Court, the death of Anthony Thornton was suggested, and William H. Ragan was given leave to prosecute the suit as surviving partner. The trial in the Circuit Court resulted in a verdict and judgment against appellant for the amount claimed.

On behalf of appellee, plaintiff below, evidence was introduced tending to show that in April, 1897, appellant consulted William H. Ragan professionally regarding threat-

ened bastardy proceedings against appellant's son; that Mr. Ragan then charged upon his books against appellant a retainer fee of $100; that appellant's son soon after being arrested married the young woman involved and immediately thereafter left the State; that from April, 1897, to 1898 appellant frequently consulted and advised with Mr. Ragan in relation to his son's troubles; that in 1898 Mr. Ragan entered into partnership with Anthony Thornton, and thereafter until the winter of 1900 and 1901, appellant continued his consultations with the firm of Thornton & Ragan; that appellant recognized his indebtedness to the firm and frequently promised to pay the same; that $200 was a reasonable charge for the character of services rendered by appellee and the firm of Thornton & Ragan.

On behalf of appellant there is evidence tending to show that Mr. Ragan denied that he had any claim against him for legal services and stated that as the matter had not come to suit, no charge would be made.

Appellant claimed an off-set of $150 for money paid to appellee because of alleged threats by the latter to institute a suit against appellant for slander, but the receipt given for that amount by appellee to appellant shows that the money was paid in settlement for alimony allowed the wife of appellant's son in her suit for divorce on the ground of desertion.

Upon the issues of fact involved the verdict of the jury must be held to be decisive in this case. While the evidence is conflicting, we think it abundantly supports the verdict.

It is insisted by appellant that as the legal services involved were rendered in part by Mr. Ragan individually and in part by the firm of Thornton & Ragan, appellee, as the surviving partner of that firm, cannot recover the entire amount in this suit.

"In the case of a survivor of several contracting parties a demand due him as survivor may be joined with a demand due to him from the party in his own right; and a debt due to the defendant, as a surviving partner may be set off

against a demand on him in his own right, and *vice versa.*
By the death of the co-partner the debt is considered to be
owing to him in his own right, and so is not subject to the
objection that it is a demand held in *autre droit.* The fact
that the rights are derived from different titles is of no mo-
ment." Harris v. Pearce, 5 Ill. App., 622, and cases cited.
Appellant recognized the principle above stated by filing his
claim against William H. Ragan as a set-off to the demand
sued for.

Moreover there is evidence in the record tending to show
a contract of novation, whereby the amount due from appel-
lant to William H. Ragan was taken by the firm of Thorn-
ton & Ragan, to which firm appellant promised to make
payment.

Other objections are urged, but we do not consider them
of sufficient moment to justify discussion. The judgment is
affirmed.

*Affirmed.*