WILLIAM L. PATON, PLAINTIFF-RESPONDENT, v. JOHN DOYNE, DEFENDANT-APPELLANT.

Submitted December 11, 1906—Decided February 25, 1907.

1. Suit may be maintained in a District Court upon each of several promissory notes which are past due, and which were given to the same person by the defendant at different times and in independent transactions. A satisfied judgment in a suit upon one of such notes will not be a bar to a suit against the same defendant upon another of such notes held by the same plaintiff, although the note in the second suit was past due at the time of the institution of the suit in which the judgment was satisfied.
2. The waiver provided for in the thirty-third section of the District Court act, where the claim in suit exceeds $300, relates only to the excess on the particular claim in suit.

On appeal from the District Court of the city of Bayonne.

Before Justices FORT, PITNEY and REED.

For the appellant, *Robeson & Demarest.*

For the respondent, *Clarence Lyman.*

The opinion of the court was delivered by

FORT, J. This was an action brought upon a promissory note.

The defendant made five promissory notes to Henry W. Peabody, Jr., in relation to five separate transactions or pur-

chases. These notes, after they all became due, were purchased from Peabody & Company, at one time, by the plaintiff in this case, who gave in payment therefor his check for $1,270.03. The notes were of the date and amounts following:

"First note, February 5th, 1906, $261.39; when payable, May 5th, 1906; second note, March 24th, 1906, $225; when payable, April 24th, 1906; third note, March 29th, 1906, $268; when payable, April 30th, 1906; fourth note, March 29th, 1906, $190.64; when payable, May 10th, 1906; fifth note, April 16th, 1906, $388; when payable, May 16th, 1906."

This suit was to recover the second of these notes of March 24th, 1906, for $225, which fell due April 24th, 1906. At the same time the suit upon this note was instituted, separate suits were instituted upon each of the other notes in question, and on the same day, and prior to the judgment upon the note in suit, a judgment was entered on the note, dated February 5th, 1906, for $261.39, and immediately upon the entry of judgment on said last-mentioned note, the amount of such judgment and costs was paid and the said judgment was satisfied of record. When the suit upon the note of March 24th, 1906, for $225, which was the note in this suit, now here on appeal, was tried, it was moved by the defendant's attorney for judgment for the defendant in the case for the following reasons:

1. Because the plaintiff, having more than one claim against the defendant existing and suable at the same time and of the same general nature, ought to join all his actions in one in a court having jurisdiction of an amount equal to the sum of all the claims.

2. Because section 33 of the District Court act bars the recovery of more than $300 by the same plaintiff against the same defendant upon claims existing at the time of commencing the suit.

The District Court refused to enter judgment for the defendant on those grounds, and directed that judgment should be entered for the plaintiff.

We think the contention of the defendant in this case, that

separate suits cannot be maintained on these separate notes, is without foundation. These several notes were several distinct causes of action, and suit will lie upon each.

All claims or causes of action arising out of the same contract must be included in one suit, or all that are not so included will be deemed to be waived. But this rule does not apply to separate notes given for separate sales or contracts. So far as the thirty-third section of the District Court act is concerned, the waiver provided for in that statute, in case the claim exceeds $300, is a waiver of such excess of the particular claim in suit which exceeds such maximum sum.

Even where there are separate suits in the Supreme Court upon several notes, it has been held that an order will not be made that these suits shall be consolidated, unless it appears that the defence upon each of the notes is the same. *Worley* v. *Glentworth,* 5 *Halst.* 241; *Thompson* v. *Shepherd,* 9 *Johns.* 262.

The judgment of the District Court is affirmed.