## C. A. MURPHY, Appellant, v. F. J. COCHRAN.

**Partnership:** ACTION BY ONE PARTNER: PLEADING. Although a plain-
tiff entitles his action in his own name as the surviving member
of a firm and his allegations indicate that relief might be sought
on that ground, though not alleging specifically the death of the
partner or that he is suing as· surviving partner, still as the
partnership reference in the title is no essential part thereof he
may recover on a partnership claim in his individual capacity,
on allegation and proof of an assignment of his partners interest
to him, even though the evidence shows that his partner is still
living.

**Same:** JOINDER OF INDIVIDUAL CLAIMS. An action by a surviving
partner is in his own right and he may join with it another claim
involving an individual ·transaction.

**Appeal:** NOTICE: TITLE OF CAUSE. The plaintiff herein previously
brought an action naming himself individually as plaintiff and
setting up the same cause of action, except that he omitted to
allege payment of the claim sought to be recovered. That ac-
tion was dismissed by the court without prejudice and afterwards
this one was instituted by the plaintiff naming himself as the
surviving member of a firm as plaintiff, in which judgment for
defendant on a directed verdict was entered. *Held,* that as the
notice of appeal referred to the date of the last judgment it is
regarded as the one appealed from, although not containing the
partnership reference in the title.

*Appeal from Johnson District Court.*—HON. R. P.
HOWELL, Judge.

TUESDAY, NOVEMBER, 23, 1909.

REHEARING DENIED, TUESDAY, MARCH, 15, 1910.

ACTION for damages resulted in a directed verdict for defendant and judgment thereon. The plaintiff appeals.—*Reversed.*

*W. J. Baldwin,* for appellant.

*Milton Remley,* for appellee.

LADD, J.—The petition, filed in January, 1908, was entitled "C. A. Murphy, Surviving Member of the Firm of Murphy & McCray, Plaintiff, v. F. J. Cochran, Defendant," and read: "For cause of action, plaintiff states that he is the surviving member of the firm of Murphy & McCray, and about September or October, 1902, the defendant entered into the employment of the said plaintiff, and the plaintiff at said time engaged the services of said defendant for the firm of Murphy & McCray, which firm consisted of the plaintiff and one J. B. McCray, to procure for said firm real estate in Iowa City, Iowa, belonging to one J. S. Mitchell, and to negotiate a sale to the said Mitchell of certain real estate belonging to said firm situated in Louisa County, Iowa." It then alleged that defendant negotiated said exchange, which was effected, and was paid for his services by the members of said firm the sum of $300, interest and costs; that at the same time defendant was in the employment of Mitchell, by whom he was paid $200 for his services, and all this without the knowledge of plaintiff: "that this plaintiff has succeeded to the rights of said Murphy & McCray in said matter." Recovery for the commission and interest paid was demanded. The answer admitted

the employment, but alleged knowledge on the part of Murphy & McCray that he was acting for Mitchell.

The evidence tended to support the petition, save that it conclusively appeared that both members of the firm of Murphy & McCray were alive, and therefore that plaintiff was not a surviving partner entitled to sue in behalf of the firm, but evidence was introduced without objection showing that McCray had assigned his interest in the claim to plaintiff. When in the introduction of evidence plaintiff rested, the court directed a verdict for the defendant on the ground that plaintiff was not entitled to recover as surviving partner. Appellant rightly contends that the words "Surviving Member of the Firm of Murphy & McCray" form no part of the title of the cause. True, many courts hold that the surviving partner is a *quasi* trustee for the estate of the deceased partner. 30 Cyc. 622. And this court said in *Brown v. Allen*, 35 Iowa, 306, that he is a trustee of a resulting trust; that in suing "he should sue as surviving partner, and not in his own right." This means no more than that, in stating his cause of action, it must appear that the claim belonged to the partnership, and that he bases his right of recovery on being the surviving member. But a description of him as such in the title to the case is no more essential than were he suing as trustee, agent, or in some other capacity in which he might sustain fiduciary relations to others. The recovery is by him individually, even though as an individual he may be under obligations to account to others. At the common law, "under a declaration containing only one set of counts charging the defendant in his own right, the plaintiff may recover one demand from the defendant individually and another due from him as a surviving partner." *Lewis v. Culbertson*, 11 Serg. & R. (Pa.) 48 (14 Am. Dec. 607). So, too, it was held that a debt due to a defendant as a surviving partner may be set off against a

*I. PARTNERSHIP: action by one partner: pleading.*

demand in his own right. *Slipper v. Stidstone*, 5 T. R.
493. And, if there were two partners, and one of them
bought goods from the firm, and the other died, the sur-
viving partner might be sued generally in *indebitatus
assumpsit* without taking notice of the partnership and
that the other is dead, and he survived. In *Harris v.
Pearce*, 5 Ill. App. 622, the court said that: "In the
case of a survivor of several contracting parties, a de-
mand due him as survivor may be joined with a demand
due him from the party in his own right; and a debt
due to a defendant as surviving partner may be set off
against a demand on him in his own right and *vice versa*.
By the death of the copartner, the debt is considered to be
owing to him in his own right, and so is not subject to
the objection that it is a demand held in *autre droit*."
This rule was applied in *Blackstone v. Ragan*, 125 Ill.
App. 546, where the plaintiff was permitted to recover on
debt due him individually, and also on one owing a firm
of which he was surviving partner in the same action.
This rule of pleading was also stated and applied in
*Stafford v. Gold*, 9 Pick. (Mass.) 532; *Davis v. Church*,
1 Watts & S. (Pa.) 240, and *Smith v. Salomon*, 1 Colo.
176 (91 Am. Dec. 711). It seems to rest on the ground
that the surviving partner recovers in his own right,
though this is based on his being the surviving partner of
a firm to which the cause of action belonged.

At any rate, all of these authorities proceed on the
theory that an action by a surviving partner is in his
own right, and for this reason he may join with it another
2. SAME: involving an individual transaction. So that
joinder of the mere fact that the plaintiff described
individual
claims. himself as surviving partner, and the allega-
tions indicated that recovery may have been sought on
that ground, such allegations were not necessarily incon-
sistent with the thought that he was the owner of the firm
claim because of having been a member of the partner-

ship and assignee of the only other member thereof. Indeed, the only difference in the proof required would be that in the former the death of the other member must be established, while in the latter this is not essential, but proof of assignment is necessary to the recovery. The petition does not allege the death of the other member, save by implication; nor does it expressly assert that plaintiff is suing as survivor of the firm. It merely describes him as such, and, though it must be said that the language employed is open to the construction that prayer for recovery is based on that ground, yet, eliminating all the allegations with reference to survivorship, enough remains to constitute a good cause of action in favor of plaintiff as assignee of the claim. If there be any doubt as to the sufficiency of the allegation that Murphy had succeeded to the rights of the firm, this was obviated by the introduction of evidence of the assignment of McCray's interest in the claim without objection. See *Fenner v. Crips*, 109 Iowa, 456. All essential was that enough be proven to entitle the plaintiff to recover. See section 3639, Code. A *prima facie* case was made out, and we think the court erred in directing a verdict for the defendant.

II.    Appellee's motion to dismiss must be overruled. The plaintiff filed a petition in a cause entitled as this, save that the words "Surviving Member of the Firm of Murphy & McCray" were omitted, and setting up the same cause of action, but omitting to allege payment of the commission. The action was dismissed without prejudice November 27, 1907, and the present action begun January 16, 1908, and on trial a verdict for the defendant was directed December 9, 1908, and judgment entered thereon. The notice of appeal is entitled "C. A. Murphy, Plaintiff, v. F. J. Cochran, Defendant," and on this account appellee insists that it relates to the action first mentioned, as

3. APPEAL: notice: title of cause.

added to the name of plaintiff in the last action was the description heretofore referred to. What has already been said disposes of the objection, especially as the date of the last judgment corresponds with that in the notice.

III. Appellee also seeks to sustain the trial court's ruling on the theory that plaintiff was aware that defendant was also agent for Mitchell. The evidence is directly to the contrary, although he did understand he was in charge of the property for a bank having a mortgage on it.—*Reversed.*