GUSTAVE OCHS, PLAINTIFF AND APPELLEE, v. PUBLIC SERVICE RAILWAY COMPANY, DEFENDANT AND APPELLANT.

Submitted March 22, 1909—Decided September 12, 1910.

On February 3d, 1908, the plaintiff, while riding in a wagon, was run into by the defendant's trolley car, and as a. result his horse and wagon were damaged, and he was injured in his person. He brought suit to recover damages for injuries to his horse and wagon and recovered a judgment for $200.75 on August 10th, 1908, which judgment was paid. On August 19th, 1908, he brought suit to recover damages for the injuries to his person received in the same accident. *Held*, that the first judgment, and its satisfaction, bars the second action.

On appeal from the First District Court of the city of Newark.

Before Justices REED, TRENCHARD and MINTURN.

For the appellant, *Leonard J. Tynan* and *Chauncy H. Beasley.*

For the appellee, *Benjamin M. Weinberg.*

The opinion of the court was delivered by

TRENCHARD, J. By the agreed state of the case it appears that the plaintiff below, while riding in a wagon in Newark on February 3d, 1908, was run into by a trolley car of the

defendant company, and as a result his horse was injured, his wagon damaged, and he received injuries to his person. He brought a suit, in the Second District Court of the city of Newark, to recover damages for injuries to his horse and wagon and recovered a judgment for $200.75 on August 10th, 1908, which judgment was paid by the defendant. On August 19th, 1908, the plaintiff brought this suit in the First District Court of the city of Newark to recover damages for the injuries to his person received in the same accident. This second suit was tried September 15th, 1908, and after hearing counsel upon the question involved, and hereinafter stated, the trial judge, sitting without a jury, gave judgment for the plaintiff for $450. From this judgment the defendant appeals.

This brings before us a new question, viz., whether the plaintiff's judgment and its satisfaction in his suit to recover damages for injury to his property is a bar to a second suit to recover damages for injury to his person, where the injury to his property and the injury to his person both resulted from the same tortious act.

It is conceded that this question is the only one involved in the present case, and that it is properly presented by the record.

The learned trial judge held that recovery and payment in the action for damages to the plaintiff's property did not debar the action subsequently brought for injury to his person by the same act, following the rule of the English courts as laid down in *Brunsden* v. *Humphrey*, 14 *Q. B. D.* 141. The theory of that rule is that, as an injury to both person and property is to two different rights, two different causes of action must necessarily arise. This theory appears to have been retained in England, and to have been adopted in Texas (*Watson* v. *Texas and P. R. Co.*, 8 *Tex. Civ. App.* 144) and in New York. *Reilly* v. *Sicilian Asphalt Paving Co.*, 170 *N. Y.* 40. In the New York case cited the court laid great stress on the facts that different periods of limitation apply with regard to injuries to the person and injuries to property, and that the claim for one is not assignable while the claim for the other is, and that, in case of bankruptcy of the

person injured, the claim for injury to his property would pass to his assignee in bankruptcy, whereas his claim for injury to the person would not.

On the other hand, the rule supported by the greater weight of American authority is that a plaintiff cannot legally maintain more than one action for the same tortious act, and cannot divide the tort, and have one action for an injury to his property and another for an injury to his person. *King* v. *Chicago, &c., Railroad Co.,* 80 *Minn.* 83 (railway collision resulting in injury to person and vehicle), disapproving the opinion of the majority of the court in *Brunsden* v. *Humphrey, supra,* and approving the dissenting opinion of Chief Justice Coleridge therein; *Doran* v. *Cohen,* 147 *Mass.* 342; *Bliss* v. *New York Central, &c., Railroad Co.,* 160 *Id.* 447; *Braithwaite* v. *Hall,* 168 *Id.* 38; *Lamb* v. *St. Louis C. and W. R. Co.,* 33 *Mo. App.* 489; *Strickford* v. *St. Louis,* 7 *Id.* 217; *Von Fragstein* v. *Windler,* 2 *Id.* 598; *Birmingham Southern Railway Co.* v. *Lintner,* 141 *Ala.* 420; *Seger* v. *Barkhamsted,* 22 *Conn.* 295; *Hubley Manufacturing and Supply Co.* v. *Ives,* 81 *Id.* 244; *Hazard Powder Co.* v. *Volger,* 3 *Wyo.* 189; *Peake* v. *Baltimore & O. R. Co.,* 26 *Fed. Rep.* 495. The theory of this rule is that a single wrongful act can give rise to but one cause of action, though it may result in different injuries, or injuries to different rights, as the cause of the action grows out of the act itself, and not out of its results. This theory, that the cause of action consists of the negligent act, seems to have generally prevailed in the United States. The logical consequence of its adoption is to establish the rule that injuries to the person and injuries to the property of the person injured, both resulting from the same tortious act, are separate items of damages, constituting but one cause of action. In the present case there was no legal obstacle to the plaintiff's claiming both classes of damages in his first suit. We are therefore not at present concerned with what might be the effect of survivorship, the statute of limitations or assignment by the act of the party or by operation of law, which were given consideration and weight in *Reilly* v. *Sicilian Asphalt Paving Co.,* 170 *N. Y.* 44. Nor is it alleged in this

case that the ground for action in the second suit was not within the knowledge of the plaintiff at the time of beginning the first action, as seems to have been the case in *Brunsden* v. *Humphrey, supra.*

Under the circumstances of the present case, we think public policy requires us to hold that the plaintiff's former judgment and its satisfaction bars the second suit. So to hold puts this case in accord with the rule announced in *Paton* v. *Doyne,* 45 *Vroom* 319, that "all claims or causes of action arising out of the same contract must be included in one suit, *or all that are not so included will be deemed to be waived,"* and with the thought expressed in *Lee* v. *Township of Kearney,* 13 *Id.* 543, that to bring two suits where one will suffice, is "oppressive." The view we have adopted is in harmony with the tendency towards simplicity and directness in the determination of disputed rights, and will more speedily and economically bring litigation to an end, and at the same time conserve the ends of justice.

The result is that the judgment in favor of the plaintiff must be reversed, and the defendant may enter final judgment in its favor, with costs, under the act of April 3d, 1902, regulating District Court appeals.