IOWA TITLE & LOAN COMPANY, Trustee, Appellee, v. W. GRANT CLARK et al., Appellants.

No. 41650.

MARCH 7, 1933.

D. N. Clark, for appellants.

D. M. Anderson, Mabry & Mabry, and Bates & Falvey, for appellee.

DONEGAN, J.—On August 1, 1925, the defendants executed to Iowa Title & Loan Company a series of sixteen notes aggregating $15,000, and a mortgage upon 320 acres of land to secure same. Said mortgage contained the following provision:

"It is understood and agreed that the lien of each note is of equal grade; and in the event that the notes secured by this mortgage may be assigned to or owned by two or more persons, then the mortgagee herein shall hold said mortgage in trust for the owners of said notes, and may in its own name enforce the agreements herein; and any foreclosure shall be for the benefit of the holders of all the notes then outstanding and shall provide for a pro rata distribution of the proceeds of sale thereunder, upon all unpaid notes, whether the holders thereof be parties to the suit or not."

These notes were later assigned by Iowa Title & Loan Company to fifteen different persons who became the owners of said notes. These notes and the mortgage securing them became due on August 1, 1930.

On August 19, 1930, the holders of said notes entered into a trust agreement which was delivered to the Iowa Title & Loan Company, and which is as follows:

"Whereas, on August 1, 1925, the Iowa Title & Loan Company made a mortgage loan to Clark Brothers, in the amount of $15,000.-00, covering on certain land in Monroe county, Iowa, which mortgage is recorded in Mortgage Records ninety-nine (99) at page one hundred fifteen (115).

"And whereas, the mortgage is now matured and neither principal and interest has been paid by Clark Brothers.

"And whereas, it appears that the land covered by such mortgage is not of sufficient present value to repay the amount of said loan.

"And whereas, the undersigned are the owners, by assignment from the Iowa Title & Loan Company, of parts of said original mortgage loan, represented by separate notes.

"And whereas, it appears legal action is necessary by the Iowa Title & Loan Company, as trustee for the owners of the notes in said mortgage, both to foreclose the mortgage loan and to bring other legal action against Clark Brothers in an attempt to collect and make secure the remainder of the said original loan.

"Now, therefore, we, the undersigned, hereby agree with the Iowa Title & Loan Company and with each other that the said Iowa Title & Loan Company is authorized, as trustee, to proceed to enforce collection of said debt as in its judgment may seem best, either by foreclosure, attachment, garnishment, action to set aside deeds and conveyances, or by such other means as may be advisable; and that the said Iowa Title & Loan Company may, in any such action or actions, use one or more of the undersigned as parties plaintiff, and use others of the undersigned as parties plaintiff of such other action as may be brought; and we each agree that all that may be recovered by said Iowa Title & Loan Company as trustee in its efforts to collect said notes, shall be distributed among all of the note owners pro rata, and that whatever costs and expenses that may be incurred shall be deducted therefrom in like manner.

"Signed at Albia, Iowa, this 19th day of August, 1930."

On August 22, 1930, Iowa Title & Loan Company, as trustee for the holders of $6,750 principal amount of said notes, instituted this action at law in six counts asking for judgment in favor of plaintiff as trustee for the several owners of said notes.

On August 28, 1930, the Iowa Title & Loan Company, as trustee, instituted an action to foreclose the said mortgage for the indebted-

ness of $8,250, evidenced by the notes which were not included in the law action. The record does not show that any of the defendants entered an appearance or contested said action of foreclosure, but it does appear from the arguments filed herein that on the 16th day of September, 1930, a decree of foreclosure of said mortgage was entered; and that the land covered by the mortgage was sold to Iowa Title & Loan Company, as trustee for the noteholders in said foreclosure action, for the full amount of the judgment.

On September 22, 1930, in compliance with the defendants' motion for more specific statement, plaintiff filed an amendment to its petition setting out the said trust agreement.

On February 19, 1932, plaintiff filed a substituted petition in six counts in this action. Each count of this substituted petition asked for judgment upon the note sued upon therein, and in the general prayer the plaintiff asked for judgment upon all the counts for the total amount due upon all said notes. A copy of the said trust agreement was attached to said substituted petition and marked "Exhibit M".

On February 23, 1932, defendants filed a motion to require the plaintiff to elect which one of the six counts of its substituted petition it would prosecute. This motion was overruled by the court.

On March 11, 1932, defendants filed answer admitting the execution and delivery of the notes, the sale thereof to each of the noteholders, but denying the further allegations of each of the six counts of the substituted petition. By way of separate legal defenses, the defendants alleged that the notes sued upon were a part of a series of notes for $15,000 secured by mortgage; that this action was commenced on August 22, 1930; that on August 28, 1930, plaintiff commenced an action in equity to foreclose said mortgage for the remaining $8,250 of said notes; that on September 16, 1930, a decree of foreclosure was entered in said foreclosure action, and the land described in said mortgage sold at sheriff's sale on September 19, 1930; that defendants filed a motion for more specific statement on September 22, 1930, and, in compliance with the court's ruling thereon, the plaintiff filed an amendment to petition setting out the trust agreement on October 16, 1930; that at the time of the foreclosure decree the defendants and the court had no knowledge of said trust agreement; that defendants were thereby induced to believe the allegations of plaintiff that the foreclosure action was exclusively in behalf of the real parties in interest, being the remain-

ing noteholders of principal notes aggregating $8,250, and that this action at law was in behalf of the real parties in interest; that, because of the provisions of the trust agreement, all the noteholders mentioned and described in plaintiff's substituted petition were beneficially interested in the benefits and proceeds of the mortgage foreclosure case, and all the noteholders mentioned and described in the foreclosure case were beneficially interested in the results and benefits of this litigation; that all of the noteholders were interested beneficially in this case and in the foreclosure case and were united in beneficial interests in the results of both suits; that this action and the foreclosure action were pending at the same time, in the same county, upon the notes and mortgage; that by the withholding of said trust agreement the defendants were thus defrauded out of their defenses of (1) splitting the cause of action, (2) that the suits were not maintained by the real parties in interest, and (3) the statutory defense requiring plaintiff to elect which action to prosecute. Defendants plead the same facts as an equitable defense, and by way of cross-petition alleged that, because of these facts, the plaintiff should now be held to have elected by the prosecution of this action to prosecute the same in lieu of all rights under the foreclosure action, and prayed that the said foreclosure action be set aside and that the plaintiff be estopped and barred from having or asserting any right, title, or interest against the mortgaged lands by reason thereof.

On March 14, 1932, plaintiff filed a demurrer to the separate legal defenses set up in defendants' answer and also filed a motion to dismiss defendants' equitable defenses and cross-complaint. Both the demurrer and motion to dismiss were sustained by the court. On March 15, 1932, trial was had to the court. At the close of plaintiff's evidence, defendants made a motion for judgment on the ground that plaintiff's proofs show that the various exhibits and the trust agreement are for the use and benefit and beneficial distribution to all of the noteholders mentioned and described in the trust agreement. This motion was overruled by the court.

On the 17th day of March, 1932, the court entered judgment for the plaintiff, on each count of the petition, for the amount of principal, interest, and attorney's fees due upon the note sued upon therein, and for one-sixth of the costs. The judgment entry also contained a judgment in the total amount due upon all notes, with interest, attorney's fees, and costs, which included the sum of the re-

spective judgments rendered on the respective six counts, and provided that a satisfaction of any part or all of any judgment upon any count should be a satisfaction of a like amount of the aggregate judgment thereby entered.

I. Defendants first contend that the judgment should be reversed because the trial court erred in overruling the defendants' motion to require the plaintiff to elect upon which one of the six counts it would prosecute. Defendants' contention is based on the theory that the plaintiff in this one action is prosecuting six separate causes of action, each separate cause seeking a separate judgment for the six different noteholders. The fallacy of defendants' argument lies in the failure to recognize the fact that this action is prosecuted, not by the separate individuals by whom the notes were owned, but by the plaintiff as trustee. True, each of the six notes constitutes a separate and independent cause of action, and, if this action were being prosecuted by the six owners of these notes, such owners could not join together as plaintiffs and bring this one action. These six owners, however, by their written agreement constituted the plaintiff their trustee to enforce collection of the debt represented by the notes, "either by foreclosure, attachment, garnishment, action to set aside deeds and conveyances, or by such other means as may be advisable". Under section 10968, Codes 1927 and 1931,

"A trustee of an express trust * * * may sue in his own name, without joining with him the party for whose benefit the action is prosecuted."

As trustee of an express trust, the plaintiff, having possession of the notes and authority to sue thereon, the right to prosecute the action on each of the notes was in the plaintiff as trustee. This being true, there was no misjoinder of causes of action, and defendants' motion to require the plaintiff to elect upon which one of the six notes the action would be prosecuted was properly overruled by the trial court.

II. Defendants' second contention is that the trial court erred in sustaining plaintiff's demurrer to defendants' legal defenses set up in defendants' answer. In this connection the defendants contend that, because of the provisions of the trust agreement to the effect that all the proceeds recovered by Iowa Title & Loan Company, as trustee, should be distributed among all of the noteholders pro rata, all of such note owners were united in beneficial interest.

in such way that the action to enforce their beneficial interest could only be prosecuted as a single cause of action; that, by bringing one suit on a part of the notes to foreclose the mortgage and the other suit on the remaining notes to obtain a judgment at law, the plaintiff violated the prohibition against splitting a cause of action; and that, by not filing the written trust agreement until after the decree of foreclosure, the plaintiff prevented the defendants from setting up the defense that the plaintiff was guilty of splitting the cause of action and was guilty of judicial fraud which enabled it to maintain two separate actions at the same time, in the same county, one to foreclose the mortgage and the other for judgment upon the notes.

As stated above, this action has been prosecuted by the plaintiff as trustee of an express trust, the provisions of which are contained in the written trust agreement. By the provisions of this trust agreement, sixteen separate and distinct causes of action, represented by the sixteen separate notes, were placed in the hands of the trustee with authority "to proceed to enforce collection of the said debt (debt represented by the notes) as in its judgment may seem best", etc. Under our statute, the plaintiff, as such trustee of an express trust, had authority to bring action against the defendants in its own name without joining with it the beneficial owners of the notes. Aside from its duty, as trustee, to distribute the proceeds of the trust fund to those entitled thereto, the plaintiff was in no different position that if it were prosecuting this action as the absolute owner of the notes. It is well settled by authority that a "single promissory note gives rise to a single cause of action which cannot be split; but different notes, although between the same parties, give rise to different causes of action upon which separate actions may be maintained." 1 C. J. 1115.

In Ginsburg v. McBride, 248 Mich. 221, 226 N. W. 873, there were four separate actions, three of them on separate promissory notes, and the fourth on a check. In passing on the contention that there should have been one action, the court said:

"But each of these notes and the check constituted a single demand. They might have been transferred to different persons and an action brought by the several holders for recovery. While plaintiff might have joined these demands in one action, he was under no legal obligation to do so."

In the case of Iowa Title & Loan Company et al. v. Clark Bros et al., 213 Iowa 875, 237 N. W. 336, 338, we said:

"As between the holders of the notes and the mortgagors the holders of the notes might obtain judgment at law upon the notes and enforce the judgment against property of the makers other than that mortgaged. * * * The mortgagee might sell one or all of the notes. The parties to the transfer might make their own terms with respect to their interests in the mortgage. * * * Obviously, the owners of one or more of the notes might thus sue and recover at law and later, if they chose, enforce the mortgage lien, while the holders of others might in the first instance seek their remedy by foreclosure. Their respective rights in the security would depend upon their own agreement."

See, also, Starnes v. Mutual Loan & Banking Co., 102 Ga. 597, 29 S. E. 452; Paton v. Doyne, 74 N. J. Law 319, 65 A. 843; Nathans v. Hope, 77 N. Y. 420; Gaddis v. Williams, 81 Okl. 289, 198 P. 483; Nesbitt v. Independent District of Riverside, 144 U. S. 610, 12 S. Ct. 746, 36 L. Ed. 562.

It can hardly be contended that the owner of several past-due promissory notes against the same person, because he has the right to join all these separate causes of action in one action is obliged to do so. As stated in Ginsburg v. McBride, supra, while plaintiff might have joined these demands in one action, he was under no legal obligation to do so. If, therefore, the plaintiff in this action were the owner of all of these notes, it would have the right to sue upon each note separately, or it would have a right to sue upon two or more of these notes in one action. The plaintiff in this case brought this suit upon six of the notes aggregating $6,750 principal. Shortly thereafter, it brought the action in foreclosure upon the remaining notes. Both of these actions were pending in the district court of Monroe county at the same time. Defendants contend that, in prosecuting both of these actions in the same county at the same time, the plaintiff violated section 12375 of Codes 1927 and 1931, and that, in doing so and in withholding the trust agreement until after the decree in the foreclosure action, the plaintiff was guilty of fraud. If, however, the plaintiff were the owner instead of the trustee-holder of these notes, there appears to be no reason why it could not prosecute an action for foreclosure for part of the notes and an action at law for judgment as to the other notes. Each note consti-

tuting a separate cause of action, the plaintiff, if it were the owner of the notes, would have the right to join a part of the notes in one action and another part of the notes in another action, and there would be no legal fraud in so doing. Does the fact that, under the trust agreement, all the owners of the notes will share in the proceeds of each action change the rights of the plaintiff in this case wherein it sues as trustee of the note owners instead of as the owner of the notes? We see no reason why it should do so, and defendants have cited no authority to show that this is the law. There can be no wrong or fraud in doing what one has a legal right to do, and the provision of the trust agreement that all of the note owners would share in the recovery in both this action and the foreclosure action does not affect the legal right of the plaintiff as trustee and holder of the notes to prosecute separate actions thereon.

In any event, the defendants' indebtedness upon these notes is not changed. The notes sued upon in the foreclosure action were all canceled by the sale of the mortgaged land for the full amount of the judgment in that action. The defendants paid no more than they owed upon the notes sued upon in the foreclosure action, and they will not be called upon to pay any more than is due upon the remaining unpaid notes which were sued upon in this action. As far as any claim of additional costs is concerned, we do not see how this could support defendants' claim that the maintenance of the two actions constituted fraud which was prejudicial to them. Instead of prosecuting two actions, the foreclosure action and this action, the plaintiff had the legal right to institute sixteen separate and distinct actions at law, one upon each note. It had the legal right to sue upon part of the notes in the foreclosure action. It had the legal right to sue upon the remaining six notes in six separate actions, if it saw fit to do so. That it did not do so, but, on the contrary, sued upon all the remaining notes in one action, is certainly not prejudicial to the defendants.

III. Defendants also assign as grounds for reversal the rulings of the trial court in sustaining plaintiff's motion to dismiss defendants' cross-petition and equitable defense, in overruling defendants' objections to evidence offered by plaintiff, and in refusing to sustain defendants' motion for judgment. The grounds for reversal assigned in connection with these rulings are the same matters which we have already considered, and, as we have already seen, they are in-

938

sufficient to show any violation of statute or of legal duty toward the defendants, and are in no way prejudicial to defendants.

■ IV. Defendants also complain of the joint and several judgments which are contained in the judgment entry, on the ground that the owners of the notes which entered into the judgment were not in fact the real parties in interest, but that all the owners of the entire $15,000 of said notes were equally and beneficially interested in the distribution of the proceeds. As we have already seen, the fact that the owners of the notes sued upon in the foreclosure action will also share in the proceeds of this action is in no way prejudicial to the defendants. The fact that the judgment entry contains judgments on each count and one judgment for the aggregate amount due on the notes is likewise not prejudicial to the defendants. The judgment specifically states that the joint judgment is for the aggregate of the six notes upon which the several judgments were entered upon the respective counts, and that a satisfaction of any part or all of any judgment upon any count shall be a satisfaction of a like amount upon the aggregate judgment. In no event will the defendants be required to pay any portion of the judgment due on any note more than once, and the form of the judgment cannot be prejudicial to them.

We find no merit in the errors relied upon by the defendants for reversal, and the judgment of the trial court will, therefore, be affirmed.—Affirmed.

All Justices concur.