CARSON PIRIE SCOTT & COMPANY, Appellant, v. ORISON S. LONG, Appellee.

No. 43389.

JULY 31, 1936.

REHEARING DENIED NOVEMBER 19, 1936.

Wilson & Wilson and Keenan, Clovis & Sar, for appellant.

Addison G. Kistle and Henry Read, for appellee.

ANDERSON, J.—The plaintiff commenced an action at law in the district court of Page county, Iowa, and asked judgment against the defendant on each of three separate counts.

Count I asked for judgment for $1,401.51 with interest on open account for goods, wares and merchandise.

Count II asked for judgment against the defendant in the sum of $1,251.62 with interest on open account for goods, wares and merchandise sold the defendant by Marshall Field & Company, said account having been assigned by Marshall Field & Company to plaintiff, the written assignment reciting "for a valuable consideration, does hereby sell, assign, transfer and set over" to the plaintiff, and containing the further recitation, "authorization is hereby granted to said Carson Pirie Scott & Company to take any and all steps necessary to collect said claim with interest and costs".

Count III asks judgment against the defendant for $1,447.67 with interest on account of the certain promissory note of the defendant executed and delivered by him to the Security Trust & Savings Bank of Shenandoah, Iowa, and by said bank assigned to the plaintiff by the following written endorsement, "pay to Carson Pirie Scott & Company for collection, suit and return. Without recourse." There was a general prayer for separate judgments on each of the three counts of the petition.

To the plaintiff's petition, as outlined above, the defendant filed motion to strike the second and third counts thereof for the reason that said counts state causes of action which are improperly joined with Count I of the petition. This motion was sustained by the trial court and from such ruling plaintiff prosecutes this appeal.

The appellee's contention is that Count I of the petition states a cause of action belonging to and in the right of plaintiff, while Counts II and III state causes of action brought by plaintiff in a representative capacity only, either as agent or trustee and for collection only, and that Counts II and III were different rights and could not be joined in one action under the provisions of sections 10960 and 10968 of the Code.

Section 10960 is as follows: "Causes of action of whatever kind, where each may be prosecuted by the same kind of proceedings, if held by the same party, and against the same party, in the same rights, and if action on all may be brought and tried in that county, may be joined in the same petition."

Section 10968 is as follows: "An executor or administrator, a guardian, a trustee of an express trust, a party with whom or

in whose name a contract is made for the benefit of another, or party expressly authorized by statute, may sue in his own name, without joining with him the party for whose benefit the action is prosecuted.''

The two sections of the statute above quoted are in different chapters of the Code. Section 10960 is in chapter 485 with the title ''Joinder of Actions'' and section 10968 is in chapter 486 entitled ''Parties to Actions''.

It is the claim of appellee that the causes of action set out in the several counts of plaintiff's petition are not held ''by the same party and against the same party, and in the same rights,''. In other words, that Count I declares on a cause of action which is the property of the plaintiff while counts II and III declare upon causes of action which are the property of Marshall Field & Company and the Security Trust & Savings Bank. And appellee contends further that even though the plaintiff by reason of the assignments might bring actions against the defendant and recover thereon separately, such actions would be brought in the right of the assignors. The appellee concedes that under section 10968 the plaintiff could maintain separate actions for each of said causes of action against the defendant, but that such causes of action cannot be joined in one action.

Sections 9451 and 9453 of the Code provide that negotiable instruments and open accounts may be assigned and the assignee will have a right of action thereon in his own name subject however to such defenses and counterclaims as the debtor may have against the assignor. We have repeatedly held that an assignee of a negotiable instrument or an open account, even though he be only an assignee for the purpose of collection and suit, is the real party in interest and may maintain an action thereon in his own right. Knadler v. Sharp, 36 Iowa 232; Searing v. Berry, 58 Iowa 20, 11 N. W. 708, 709; Thompson v. Damm, 192 Iowa 501, 185 N. W. 115; Abell v. Hurd, 85 Iowa 559, 52 N. W. 488, 489; Iowa Title & Loan Co. v. Clark, 215 Iowa 929, 247 N. W. 211; Minnesota L. & T. Co. v. Hannan, 215 Iowa 1060, 247 N. W. 536; Murphy v. Cochran, 146 Iowa 443, 123 N. W. 349.

In the Knadler case, supra, twenty-three persons purchased separately lots in a certain addition. It was later discovered that there was an incumbrance covering all of the lots purchased. Twenty-two of the purchasers assigned their claims to the re-

maining one for the purpose of recovering from the common grantor. The petition was attacked on the ground that the plaintiff was not the real party in interest, and this court speaking through Justice Cole made the following announcement:

"It follows, therefore, that the court did not err in holding that the plaintiff might recover upon all the claims as the proper party to the action, and that the contract of assignment to him and his agreement to pay over the net proceeds did not constitute champerty. The effect of such assignment and action by one was to relieve the defendant from twenty-three actions and their accumulated costs."

In Searing v. Berry, supra, Judge Beck said:

"It is insisted that, as the assignment of the judgment in favor of Allan, was made to plaintiff without consideration, and merely for the purpose of enabling plaintiff to enforce its collection, he is not the real party in interest so far as that judgment is concerned, and, as to it, he cannot support this action. But the plaintiff holds the legal title to the judgment, and, according to the defendant's position, is a trustee for Allan. The law regards him as the real party in interest to prosecute this suit to enforce the collection of the judgment."

In the above case several judgment creditors of the defendant, Berry, had assigned their judgments to the plaintiff, Searing, and he had brought one action on all of the judgments to set aside a transfer of real estate.

In Abell v. Hurd, supra, we announced the following rule:

"That the party holding the legal title of a note or instrument may sue on it though he be an agent or trustee and liable to account to another for the proceeds of the recovery, but he is open in such case to any defense which exists against the party beneficially interested."

"Causes of action arising out of contracts between different persons and the defendant may, if assigned to one plaintiff, be joined and enforced in the same action." 1 C. J. 1095.

"It has also been held that claims of several persons against the same defendant which might be made the subject of different actions will, if assigned to the same plaintiff, constitute only one

cause of action with different elements of damages.'' 1 C. J. 1063.

If, as must be conceded, the assignee, plaintiff, is the real party in interest, then it would seem to follow necessarily that when he brings action thereon he brings it in his own right.

We are unable to see any support for the appellee's position in the provisions of section 10968 of the Code. This section simply provides that an administrator or trustee may sue as plaintiff without joining heirs, creditors or beneficiaries as plaintiffs. Neither do we find anything contrary to the rule heretofore announced in this opinion in the case of Faivre v. Gillman, 84 Iowa 573, 51 N. W. 46, or the other cases cited and relied upon by the appellee to support the ruling of the trial court. A discussion of the various authorities relied upon by the appellee would only result in extending this opinion to show the differentiation in the facts.

We are satisfied that under the statutes referred to and the established construction thereof by this court that the trial court was in error in sustaining the motion of the appellee and that the action as brought should be maintained on the several counts as contained in the petition as constituting but one cause of action. A reversal necessarily follows.—Reversed.

PARSONS, C. J., and ALBERT, DONEGAN, MITCHELL, HAMILTON, and KINTZINGER, JJ., concur.